## Janes's Appeal. Janes *versus* Crowell.

1. When by a final decree by the Supreme Court, costs are imposed upon either plaintiff or defendant, the court below cannot make a different decree imposing any portion of the costs upon the opposite party.

2. The fees of a master, are the subject of appeal, and if the question of their payment is not raised on an appeal to the Supreme Court, they are comprehended in the " costs" and must be paid by the party upon whom the costs are imposed by the decree of said court.

3. The court below decreed that complainant's bill should be dismissed with costs. On appeal, the Supreme Court affirmed the decree of the court below, and ordered the appeal dismissed, and that the appellant should pay the costs. The court below, after this decree made an order that the defendant below should pay the fees of the master. *Held*, that the court could not make such a decree, after the final decree of the Supreme Court, and that the " costs" directed to be paid by the decree of the latter court, included the fees of the master, and the fact that the specific amount of the costs was not ascertained at the time of the decree, did not change its conclusive effect.

October 21st 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Certiorari to the Court of Common Pleas of *Erie county*: Of October and November Term 1877, No. 278.

Appeal of Heman Janes from the decree of the court directing appellant to pay a master' fee and other costs in certain proceedings in the court below. The proceedings are fully set forth in the opinion of this court.

*Benson & Brainard*, for appellant.—The decree of the Supreme Court was final and conclusive, and no order or decree awarding costs thereafter and contrary to said decree could be made: 1 Barb. Ch. Pr. 326 ; Travis *v.* Waters, 12 Johns. 500. Where a party is entitled to costs, he should take care and apply for them at the hearing or before decree, as after the decree the court will not award costs : Daniels's Ch. Pr. 1487 ; Gibson *v.* Cummings, 1 Casey 231. The decree of the court carried all the costs, inclusive of the master's fees, and if there was error in paying the latter,

it should have been assigned and taken advantage of before decree: Persch *v.* Quiggle, 7 P. F. Smith 247.

*L. S. Norton*, for appellee.—Costs in chancery are within the discretion of the court: Coleman *v.* Ross, 10 Wright 180; Snyder *v.* Wolfley *et al.*, 8 S. & R. 328; Gyger's Appeal, 12 P. F. Smith 73; Totten's Appeal, 4 Wright 385; Travis *v.* Waters, *supra.* The court below had authority to make an additional order in regard to the costs notwithstanding the final decree of this court: Riddle & Co. *v.* Mandeville & Jameson, 5 Cranch 322; 6 Id. 86; The Sapphire, 18 Wall. 51; Kraut's Appeal, 21 P. F. Smith 64, and 1 W. N. C. 211; Id. 401; Totten's Appeal, *supra.* Costs are an allowance to a party for expenses in conducting his suit; fees are a compensation to an officer for services rendered in the progress of the cause. Costs, as awarded to a party in equity, is not a generic, but a specific term, and means, therefore, only " an allowance to a party for expenses incurred in conducting his suit."

Mr. Justice MERCUR delivered the opinion of the court, January 6th 1879.

The question presented here is as to the power of the court below to make the decree imposing costs on the appellant. A statement of the order in which the proceedings were had, is necessary for a correct understanding of the case.

The appellee filed his bill against the appellant. After answer, and the evidence taken by an examiner, a master was appointed. He reported, recommending that the bill be dismissed. Exceptions to his report were filed, argued and overruled. The record then declares, " this cause came on to be heard June 22d 1874, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the complainant's bill be dismissed with costs." From that decree the complainant appealed to this court. November 1st 1875, we affirmed the decree of the court below, ordered the appeal dismissed, and that the appellant therein pay the costs. In January 1877 the master, by his attorney, moved the court below to fix his compensation, and to make a decree for its payment. This resulted as follows : " Now, September 18th 1877, it is ordered and decreed that the compensation of the master in this case, G. W. Lathy, Esq., be fixed at the sum of $250, and which shall be paid by the defendant, Heman Janes, within ten days after notice; and it is further ordered and decreed that all the other costs shall be paid by the plaintiff, W. E. Crowell, and the said Heman Janes shall also pay the costs of the rule to show cause, on which this opinion is filed." From that decree this appeal was taken.

Thus it appears the compensation of the master had not been fixed, nor the amount of the costs ascertained, at the time the court

below decreed that the complainant's bill be dismissed with costs. Nevertheless, that decree imposed all the costs on the complainant. It imposed none on the defendant in the bill. The fact that the specific amount of the costs was not then ascertained did not change the conclusive effect of the decree. It imposed on the complainant all the costs properly chargeable in the case. Subsequent taxation only made the sum certain, which the previous decree had ordered the complainant to pay. His appeal from that decree to this court brought the whole record before us. Then was the time to present all his objections to the decree. Any alleged error imposing costs on him, as well as in dismissing his bill, should then have been assigned. The legal effect of the affirmance of that decree by this court, was to confirm all its parts. A decree in equity is as conclusive as a judgment at law. The judgment of this court not only declared there was no error in dismissing the bill, but also that the costs were justly imposed on the complainant. As against the defendant in the bill, the case was then ended. The decree of the court below had discharged him from all taxable costs. That decree had been affirmed by this court. The whole duty of the court below was to determine the amount of taxable costs, and to enforce their payment out of the complainant in pursuance of the original decree. Due precaution on the part of the complainant would seem to have made it advisable for him to have caused the costs to be taxed before taking his appeal: Gibson *v.* Cummings, 1 Casey 231. His liability to pay the costs was not an open question, after the affirmance of the decree by this court.

It is not necessary to answer the argument as to the discretionary power of the court below over the costs when it made the original decree. All that may be conceded. The question now is not what disposition it might then have made of the costs; but on whom it did then impose them. That decree was what this court affirmed. The court below could not thereafter change it.

It was contended by the appellee on the argument that compensation to the master is not a part of the costs. The case of Musser *v.* Good, 11 S. & R. 247, was cited to show the distinction between costs allowed to a party and fees to an officer. For some purposes the distinction is well founded; yet we are unable to see how it can avail the appellee in this case.

The court below considered the master's compensation as costs. After ordering the payment thereof, it ordered "all the other costs" to be paid by the complainant, "except the costs of the rule to show cause" which it imposed on the defendant in the bill. The designation of "other costs" necessarily implied that the former were costs. The "other costs" and "costs of the rule" must have included the prothonotary's fees. Hence it follows that all the taxable fees were considered "costs."

Worcester, adopting the definition given by Burrell, says, "costs

[Janes's Appeal.]

are expenses which are incurred either in the prosecution or defence of an action, or of any process at law or in equity, consisting of the fees of attorneys, solicitors or other officers of court, and such disbursements as are allowed by law."

When a party in a litigated proceeding is duly adjudged to pay costs, his liability is not restricted to the disbursements and expenses which the opposite party may be entitled to receive, but extends to the fees of the officers of the court for services rendered therein. When these united sums are taxable in the case they constitute "the costs" for which he is liable. In one gross sum, he pays both.

When the time arrives for the opposite party and the officers to receive their respective parts, the right of the officers to their fees must be recognised. The party is not entitled to them. If he collects he holds them in trust for the officers. Between the party claiming his costs and the officers claiming their fees, the distinction is substantial. As against the party compelled to pay them, all the items are costs. The learned judge, therefore erred in decreeing any portion of the costs to be paid by the appellant, and so much of the decree must be reversed.

Decree reversed at the costs of the appellee. And now, January 6th 1879, it is further ordered, adjudged and decreed that the compensation of the master be fixed at $250, and that all the costs be paid by the complainant below, W. E. Crowell.