Commonwealth et al. *v.* Abrams et al., Appellants.

Argued October 9, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Milford M. Tinsley*, for appellant.

*Frank H. Warner*, for appellee.

OPINION BY GAWTHROP, J., December 12, 1929:

This action was in assumpsit against a constable and his surety to recover the amount of rent alleged to have been lost through the negligence of the consta-

ble in serving a landlord's warrant. Plaintiff got a verdict in the court below and, from the judgment entered thereon, defendants took an appeal to this court. See Com. et al. v. Abrams, 94 Pa. Superior Ct. 556. We there decided, in an opinion by the late Judge HENDERSON, that as the basis of the action was the official bond of the constable it was necessary to establish that liability had arisen because of something done in his official capacity, but that this fact nowhere appeared in the case because a landlord's warrant is not a judicial process, nor a direction which a constable is bound to carry out; that it is in the nature of a power of attorney for the landlord, for whom he is merely an agent or bailiff, until the proceeding has reached the stage where a sale is necessary. The clear effect of the decision was that there could be no recovery on the bond.

After the record in the former appeal was returned to the court below that tribunal made absolute a rule on defendants to show cause why the pleadings in the case should not be amended by striking out the name of the Commonwealth of Pennsylvania as a party plaintiff and by striking out the name of the Hartford Accident & Indemnity Company as a party defendant, so that the suit would be an action by Arthur F. Schneider, Agent, against Edward E. Abrams. Subsequently appellants issued a writ of fieri facias for the costs which, by the order in the former appeal, were placed upon the appellee. This appeal is from an order making absolute a rule to show cause why the execution should not be set aside.

The order was wrong. It was based upon the proposition that defendants were seeking "to recover costs before the final determination of the action;" and that the amendment of the record, as above described, determined "that the cause was undecided and that the final loser can only be determined upon the outcome of

a new trial." It is apparent that the learned judge misunderstood the effect of our decision in the former appeal, which was that the facts proved showed no cause of action because "an action for nonfeasance or misfeasance in office cannot be maintained against a constable or his surety on the facts disclosed. Judgment for defendants non obstante veredicto upon the whole record might well have been entered, because they had brought themselves within the Act of April 22, 1905, P. L. 286, by a motion based upon their point for binding instructions. But the fact that judgment was not so entered does not mean that the judgment did not put an end to the case. Plaintiffs had finally lost the cause within the Act of May 19, 1897, P. L. 67, as amended by the Act of April 27, 1909, P. L. 263. This did not prevent another suit against Abrams in his individual capacity. But even under the liberality allowed in making amendments the statement in the present action could not be amended by changing the capacity in which Abrams was sued. This would amount to an entire change in the cause of action: Hodges v. McGovern, 230 Pa. 368.

The order is reversed and the rule to show cause why the execution should not be set aside is discharged at the cost of appellee.