## UNITED STATES v. BETHLEHEM STEEL CORPORATION et al.

### No. 3315.

District Court, E. D. Pennsylvania.

Dec. 23, 1938.

260

See, also, 23 F.Supp. 676.

J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., Bon Geaslin, Gen. Counsel U. S. Maritime Com., Hardin B. Price, Paul D. Page, Jr., Ralph H. Hallett, and Francis S. Walker, all of Washington, D. C., for the United States and the U. S. Shipping Board Merchant Fleet Corporation.

Richardson Dilworth, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.

The years which have elapsed since this proceeding was instituted and the greater number of years since its subject matter has been in controversy loudly proclaim it is high time the litigation should be brought to an end.

There are two cases growing out of the same transaction, which were tried together. One is the above entitled case in Equity; the other an action at Law. For the convenience of the parties the Equity proceeding was referred to a Special Master and the action at law tried by a Referee under the Pennsylvania Statute of 1874 and its amendment of 1889, 5 P.S. Pa. § 201 et seq. Wm. Clarke Mason, Esq. acted as Special Master and also as Referee.

We will discuss the questions raised as if there were but one case and this opinion may be marked as filed in each. The Master and Referee made the required Findings of Fact and formulated his Conclusions of Law thereon. Exceptions were filed to the Report of the Master and of the Referee. These exceptions were all dismissed except one, 23 F.Supp. 676. The learned Referee gave judgment against the defendant in the action at law for the sum he found to be due, with interest at two per cent. The Court sustained the exception to the allowance of interest.

The conclusions reached by the Court were that the Bill in Equity should be dismissed and judgment should be entered against the defendant in the action at law for the sum found by the Master without the inclusion of any interest but with costs. Nothing remained to be done but to enter a formal decree in the Equity proceeding and a formal judgment in the action at law. Moving for these was not the allowance of a re-argument. Counsel for the United States has, however, submitted a full and considered Brief on the question of what the decree and judgment should be. This we have been earnestly urged to consider and out of deference to this request have done so. The form in the decree in the Equity suit follows of course the established practice in Equity but as modified, we suppose, by the New Procedure Rules. The action at law having been submitted to a Referee under the State Act the procedure there should be in accord with the State practice, as also so modified.

The intended results could be reached by a simple decree dismissing the Bill and the entry of a judgment in the action at law for the found sum, with costs, the

judgment to carry interest from the date of its entry. The only question, so far as we can discover, is whether the decree in the Equity case should include Findings of Fact and Conclusions of Law and the judgment in the law case do the same, in accordance with the New Procedure Rule No. 52, 28 U.S.C.A. following section 723c. That rule is almost a copy of Equity Rule 70½, 28 U.S.C.A. following section 723. The latter Rule has never been held, and for obvious reasons, to apply to exceptions to a Master's Report nor to the formal decree entered. Indeed the practice in the latter case would conflict with Equity Rule 71, 28 U.S.C.A. following section 723. If, however, the Rule is held to apply the very Rule provides that "the findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court". There is no need to apply Rule 52 to a review of the findings of a Referee when he has complied with the Rule. The State practice has not been uniform on the subject of incorporating Findings in the disposition made of the report of the Referee. They may in consequence be incorporated. If Rule 52 is held to apply to Referee cases then the findings of the Referee by the express terms of the Rule are incorporated.

 With many of the propositions of the Brief submitted, we are in accord. The United States without its consent cannot be subjected to the payment of costs. Undoubtedly a Court of Equity may determine the payment of costs. Ordinarily they follow the decree entered but may not. We refuse, however, to impose them, or any part of them, upon the Bethlehem Company. Asking us to do so is to ask for a re-hearing. The Master's and Referee's fees are undoubtedly costs. With us costs are taxed by the Clerk. Fees, however, are fixed by the Court, not by the Clerk. It is accordingly the practice for the Court to fix them and the Clerk taxes them at the sum fixed. The Court in actions at law has no control over the costs. They follow the judgment which carries costs. The Pennsylvania Act fixes the fees of Referees on a per diem basis, 5 P.S.Pa. § 208. The parties however, with the consent of the Referee, have agreed that on the per diem basis the compensation of the Referee is the sum of $15,540, and it is so fixed. The Referee ruled that the action at law was not against the United States but a corpora-

tion. The Court agreed. To now contend otherwise is to turn the motion for judgment into a re-argument. The contract between the corporations plaintiff and defendant is governed by the law of contracts of the State. The liability to costs is determined by the law of the State. This Court has no lawful power to substitute its judgment of what the law should be for what the State law is. We cannot in our discretion change that law.

The conclusions are:

1. The decree in the Equity case should be one of a simple dismissal of the Bill.

2. The judgment in the action at law may be a judgment in favor of the plaintiff for $5,272,075.10, with costs of suit and fixing the compensation of the Referee at $15,540 as agreed to by the parties.

3. A form of judgment in the action at law is submitted herewith as the final judgment entered.