Blue Ridge Metal Manufacturing Company *v.*
Proctor et al., Appellants.

Argued May 8, 1939. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*Howard V. Fisher,* with him *Harold J. Ryan* and *Sue M. Strous,* for appellants.

*Henry S. Drinker,* with him *Thomas A. Doherty,* and *Reese H. Harris,* of *O'Malley, Hill, Harris & Harris,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, June 19, 1939:

This is an appeal from the order of the court below dismissing defendants' motion to add additional parties as plaintiffs and to assess the costs against them. At the conclusion of the original hearing in the case, the chancellor found for the plaintiff, Blue Ridge Metal Manufacturing Company, and placed the costs upon defendants. This was affirmed by the court below in banc. On appeal to this court, the order was reversed and costs were placed upon appellee (the plaintiff): 327 Pa. 424. Defendants' motion to add additional parties and assess the costs was filed in the court below after the record was remitted. It was held that the order of this court on the first appeal as to the payment of costs was binding and could not be altered. This determination was affirmed by the Superior Court, which certified the case to us, holding that, if any alteration in the order as to the payment of costs was to be made, it was a matter for this court.

The conclusion of the court below and the Superior Court was entirely correct. The order as to costs entered in the original appeal was a final order determinative of the controversy, which could not be changed as entered except upon order of this court: *Janes's Appeal,*

87 Pa. 428; *Com. to use v. Abrams,* 97 Pa. Superior Ct. 450.

Even if defendants' motion be considered as an original application to this court, as has been indicated by the Superior Court, it will have to be denied. Defendants contend the parties sought to be substituted as parties plaintiff were the parties for whose use and benefit and at whose instance and request the action was brought and prosecuted. These parties were shareholders and creditors of the plaintiff corporation. They were not parties of record and it is too late now to bring them in: Equity Rule 56. The law is clear that no judgment or order for costs can be rendered against a party not a party of record in the absence of a statutory provision so authorizing: 15 C. J. 96. The Act of April 23, 1829, P. L. 355, 12 PS sec. 144, has no application, it only authorizes an execution for costs against one not a party to the record who could have been named originally as a use plaintiff before verdict and judgment: *Neal to use v. B., R. & P. Ry. Co.,* 103 Pa. Superior Ct. 218, 158 A. 305. Here the parties sought to be joined could not have been added as use plaintiffs.

If the defendants had any doubt as to the liability of the plaintiff corporation for costs, a remedy was open to them. They could have required the entry of security under Equity Rule 81.

Order affirmed at appellants' cost.