528

**MONKS v. BARKER et al.**

**No. 223 Civ. A.**

District Court, D. Massachusetts.

Oct. 24, 1940.

Walter E. Doherty, Jr., Edward J. Murray, Herbert S. Avery, and Avery, Dooley, Post & Carroll, all of Boston, Mass., for plaintiff.

Haussermann, Davison & Shattuck and Mayo A. Shattuck, all of Boston, Mass., for defendants B. Devereux Barker and Archibald G. Monks, Trustees.

Murray F. Hall, and Goodwin, Proctor & Hoar, all of Boston, Mass., for Donald J. Hurley, Adm'r, defendant.

McLELLAN, District Judge.

The defendant's "Motion to Dismiss and for Other Relief" is based upon grounds which make it unnecessary to state what the action is about.

██ (1) The relief sought in Paragraph 1 of the motion is a dismissal of the action for lack of jurisdiction because of the want of diversity of citizenship between the parties. The motion may not be allowed upon this ground, because whatever the situation later may have become, there was sufficient diversity of citizenship at the time the action was begun.

██ (2) The second paragraph of the defendant's motion asserts in substance that there has been a trial and decision at nisi prius, but no final judgment in the state court in California in litigation which may have a decisive effect upon the result in this case. It is stated in Paragraph 2 "that the questions raised in the plaintiff's amended complaint have already been litigated, and there is no occasion for this court to accept the jurisdiction of the controversy". This is not the first time that this matter has been called to my attention. After a pretrial hearing on September 18, 1940, the court entered an order reading in part: "Under the circumstances, it would be unfair to the parties now to assign the case for hearing, and it would also seem that this case should await a final judgment in the California litigation. All that is now ordered is that the case be not set for hearing prior to January 15, next, unless before that time a final judgment is entered in the California proceedings. Whether there is to be any further postponement of the action to await the result of the California proceedings will be considered on January 15, next, should the parties bring the matter to my attention."

No objection to this pretrial order was made at the time, and as I understand it, none is now made to it. No relief is needed or granted under paragraph 2 of the defendant's motion.

██ (3) The third paragraph of the motion reads: "That the plaintiff has failed to comply with the order of the court entered on September 16, 1940, requiring the production of certain documents for the inspection of the defendants on or before October 1, 1940." At the hearing, it appeared at least likely that the only document not produced for inspection pursuant to the court order has been lost. The de-

fendants have been furnished with a copy of that document, and under the circumstances, this action should not be dismissed under paragraph 3 of the motion. This, however, is not to be construed as vacating any orders for inspection of documents heretofore entered.

The defendant's "Motion to Dismiss and for Other Relief" is denied.