## VALENSTEIN v. BAYONNE BOLT CORPORATION.

### No. 4466.

District Court, E. D. New York.

Dec. 18, 1946.

Maurice R. Whitebook, of New York City, for plaintiff.

George M. Aronwald, of New York City, for defendant.

MOSCOWITZ, District Judge.

The court has before it for consideration the amended report of the Special Master and two motions, the determination of which has been awaiting the said report.

The action is for an alleged breach of a contract whereby the defendant was to do thread-rolling work upon a great number of bolts for the plaintiff. It is the contention of the plaintiff that the defendant entirely neglected to thread some of the bolts and that the work upon others was performed in an unworkmanlike manner and not in accordance with the contract. The plaintiff seeks damages in the amount of $7500. A counterclaim by the defendant prays for judgment in the amount of $127.81, asserted to be the unpaid balance due under the contract.

Upon motion of the defendant for a discovery and inspection, which was unopposed, in March, 1945 this Court made an order directing the plaintiff "to permit the defendant to inspect and examine all of

the bolts alleged in the complaint to have been improperly thread-rolled, at the plaintiff's place of business on the 10th day of April, 1945". At this time all of these bolts were in existence and under the control of the plaintiff. What thereafter transpired is the subject of the Special Master's findings contained in his amended report. It will suffice here to state that by September, 1945, this Court's order of March had not yet been complied with, despite every effort of the defendant.

Plaintiff's attorney then informed the defendant, and, upon the hearing, the Court, that the bolts were held in storage at a designated junkyard, pursuant to which defendant applied for and this Court granted an order on September 25th requiring and directing that a discovery and inspection of the bolts be made at a specified time at the junkyard. This order, likewise, was never complied with by the plaintiff. On October 16th, upon motion of the defendant, an order was made staying the plaintiff from all further proceedings pending compliance by him with the order of September 25th.

By May, 1946, a new attorney had been substituted on behalf of the plaintiff and a motion was then made to have vacated the order for discovery and inspection of September 25, 1945 and the stay order of October 16th, upon the assertion that the threaded bolts, supposed at these times to have been in the junkyard, had in fact been disposed of by the junkdealer prior thereto and were no longer available for inspection. A deposition of the junkdealer taken in December, 1945 stated that he had been directed by the plaintiff to dispose of them and that he had done so in or about the month of June, 1945. Although this motion was marked off due to default of appearance upon the day for which it was noticed, it may be considered as restored pursuant to a later motion for that relief. At the same time that the application for restoration was scheduled, a motion was made by defendant seeking an order dismissing the complaint and grant-

ing summary judgment [1] for the defendant because of plaintiff's failure to comply with the orders directing discovery and inspection.

It was apparent from the affidavits submitted upon these motions and from the prior proceedings before this Court that a closely contested issue of fact existed as to the participation of the plaintiff in the disposal of the bolts, the work upon which was the very gravamen of this action, making impossible an examination by the defendant necessary to properly formulating its defense. This issue could not be determined without the taking of testimony. The matter was thereupon referred to a Special Master to hear and report "whether one, Guyeff (the junkdealer), with the knowledge and consent of the plaintiff disposed of the bolts which are the subject matter of this action, in or about the month of June, 1945, and whether plaintiff wilfully disposed of the bolts".

The Special Master has performed his task well. He was not content alone to hear the witnesses produced by the parties but summoned others whose testimony he deemed relevant to the investigation he was making. Plaintiff was the only witness in his own behalf and he denied having given permission to Guyeff, the junkdealer, to dispose of the bolts. Guyeff maintained upon examination the position he had stated in his deposition to the effect that the plaintiff had authorized the sale of the bolts in a telephone conversation had with him. The conflict presented a question of credibility. After hearing the witnesses and observing their demeanor under examination and after taking into consideration the circumstances surrounding the events, the Special Master has reported "that Guyeff with the knowledge and consent of the plaintiff disposed of the so-called threaded bolts deposited with him and which are, in part, the subject matter of this action; and that this sale took place in or about the month of June, 1945. Since plaintiff knew at the time he authorized Guyeff to sell the bolts that the order

---

[1] It is obvious that defendant is not seeking the relief which technically is called summary judgment under Federal Rules of Civil Procedure, rule 56, 28 U. S.C.A. following section 723c, but merely judgment in its favor.

of discovery and inspection of March, 1945, had not been satisfied, and since the plaintiff knew at that time that the bolts might be important evidence for the purpose of the trial, and since the plaintiff is an attorney duly licensed to practice law in New York and, consequently, must have been aware of the full significance of disposing of the bolts, I also conclude that the plaintiff's authorization to Guyeff to sell the bolts constituted a wilful disposal of the bolts by the plaintiff."

There is substantial evidence in the record to warrant the findings of the Special Master and his amended report is in all respects confirmed. It has appeared to this Court, as well, that the delaying tactics employed throughout this matter by the plaintiff and the obvious reluctance to permit to the defendant an examination of the bolts, cast serious doubt upon the credibility of the plaintiff's claim of complete innocence with regard to the disposal of these bolts, especially in view of the fact that he is himself an attorney and thus presumed to be aware of the propriety of an examination of the subject matter of the action.

Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, authorizes the court to order a party to produce and permit the inspection of anything that may constitute evidence material to a matter involved in the action. The scope of the discovery and inspection which may be ordered is not here at issue; certainly an inspection of the bolts which are the subject matter of this action was indisputably proper. The sanctions which the court is authorized to impose upon a party who refuses to obey an order made under Rule 34 are prescribed in Rule 37, subdivision (b) (2) of which applies here. It is there provided that the court may in an instance such as this "make such orders in regard to the refusal as are just, and among others the following: * * * (ii) An order refusing to allow the disobedient party to support or oppose designated claims * * *. or prohibiting him from introducing in evidence designated documents or things or items of testimony", or "(iii) An order striking out pleadings or parts thereof * * * or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

There evidently have not been many occasions upon which the sanctions of Rule 37 have sought to be employed as punishment for thwarting discovery and inspection as provided for in Rule 34. cf. Monks v. Barker, D.C.Mass., 1940, 35 F.Supp. 528; Oregon-Washington R. & Nav. Co. v. Strauss & Co., D.C.Or., 1940, 38 F.Supp. 229. However, the sanctions enumerated in subdivision (d) of Rule 37, concerning the wilful failure of a party to appear for the taking of his deposition or his wilful failure to answer interrogatories propounded to him, drawn in the same language as those appearing in subdivision (b), have been often applied. See Peitzman v. City of Illmo, 8 Cir., 1944, 141 F.2d 956, certiorari denied 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577, rehearing denied 323 U.S. 813, 65 S.Ct. 112, 89 L.Ed. 647; Collins v. Wayland, 9 Cir., 1944, 139 F.2d 677; Fisher v. Underwriters at Lloyd's London, 7 Cir., 1940, 115 F.2d 641; Spaeth v. Warner, D.C.N.Y.1941, 1 F.R.D. 729; French v. Zalstem-Zalessky, D.C.N.Y.1940, 1 F.R.D. 240; Cohn v. Annunziata, D.C.N.Y.1939, 27 F.Supp. 805.

It is clear that a broad discretion is vested in the court within the bounds of Rule 37 to make whatever disposition is just in the light of the facts of the particular case. The purpose of the provisions of Rule 37 was to make available to the court the means of preventing injustice when one party has by his conduct placed the other litigant at an unfair disadvantage. Where the guilty party has wilfully disposed of what he knows, or is presumed to know, is or may become evidence in the pending matter the punishments prescribed may be imposed against him. Where an order of the court has directed that a party permit an inspection of designated items, disposal by him of those items thereafter for the purpose of rendering impossible the directed inspection is as apparent a case coming within Rule 37 as could be imagined. Then the court may

utilize the quoted remedies or it may make any order which is just. To the extent that the plaintiff by disposing of the bolts, has made it impossible for the defendant to secure the inspection to which it was entitled under the rules, it is within this Court's discretion to preclude the plaintiff from procuring any relief which in any way is predicated upon the allegation that the thread-rolling work was defectively performed upon the bolts which the plaintiff wilfully disposed of to defeat the order of this Court.

■ But a court may not, however disposed its feelings may be, go beyond the intent of the rules in imposing penalties. While the attorneys for both parties dealt with the threaded and unthreaded bolts as being of the same lot and the correspondence and representations apparently concerned both types, the Special Master has reported that the unthreaded bolts had in fact been sold by the plaintiff prior to the commencement of this action. Thus, such disposal could not have been for the purpose of defeating an order of this Court and may not be treated the same as the subsequent disposal of the threaded bolts. The complaint does not set forth separate causes of action based upon the respective alleged breaches of contract in failing to thread and improperly threading the bolts. In so far as the complaint seeks damages for the alleged neglect entirely to do the thread-rolling, it is unaffected by the disposition herein made. The plaintiff may proceed to trial as to such cause of action and the defendant may, of course, have its counterclaim determined. Any

part of the complaint which concerns the bolts which have been referred to herein as threaded bolts is stricken out and the plaintiff is precluded from supporting any claim based thereon and from introducing in evidence any such bolts or testimony concerning the same.

The motion of the plaintiff to vacate the September 25, 1945 order of discovery and inspection and the stay order of October 16, 1945 is denied, except that the plaintiff is permitted to proceed with the action to the extent that it concerns unthreaded bolts only.

The cross-motion of the defendant for an order dismissing the complaint and for summary judgment is disposed of in accordance with this opinion.

■ The motion of the defendant to confirm the amended report of the Special Master is granted. The Special Master is allowed the sum of $400 as and for the reasonable value of his services herein. This allowance shall be the ultimate liability of the plaintiff, as it was his conduct which raised the issue that was referred and it has been determined that he was in the wrong. However, since it is essential that officers of the court receive the compensation awarded to them and since the reference was necessary in order to try the factual matter raised by the defendant's motion as well, the allowance is imposed as a charge upon both parties with the direction that in the event that payment is made by the defendant, it shall have the right to be reimbursed therefor by the plaintiff.

Settle orders on notice.