**M. E. NORRIS et al., for the Use and Benefit of Local No. 92, International Association of Bridge, Structural, and Ornamental Iron Workers, AFL–CIO, an unincorporated association, doing business as a Labor Organization, Plaintiffs,**

v.

**C. H. GREEN et al., Defendants.**

**Civ. A. No. 9868.**

United States District Court,
N. D. Alabama, S. D.

Oct. 26, 1965.

C. V. Stelzenmuller, of Thomas, Taliaferro, Forman, Burr & Murray, James L. Shores, and E. W. Weir, Birmingham, Ala., for plaintiffs.

Douglas Corretti, of Corretti, Newsom & Rogers, and Jerry Lorant, Birmingham, Ala., for defendants.

## OPINION AND FINDINGS

GROOMS, District Judge.

This is an action under the Labor-Management Reporting and Disclosure Act, better known as the Landrum-Griffin Act. 29 U.S.C.A. 401 et seq.

By order of the 27th of June, 1962, Charles H. Moses, Jr. was appointed Special Master to hear, determine and report the matters and issues detailed in said order. On the 2nd day of November 1964, the Special Master filed his report. On May 28, 1965, an order was entered overruling the exceptions to the extent indicated in the order, and sustaining same in other respects. It was directed that a further hearing be had to determine: (1) the amount of the Special Master's fee and its taxation; (2) the amount of the attorney's fee to be allotted from the recovery; and (3) the present necessity for injunctive relief. Such hearing was held on the 6th day of October 1965. All parties were represented by counsel. The Special Master appeared in person.

■ Section 501(b) of the Landrum-Griffin Act provides, *inter alia,* that:

"The trial judge may allot a reasonable part of the recovery in any ac-

tion under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation."

The quoted subsection does not limit the award of counsel fees and expenses to the monetary recovery procured by the plaintiff. Where other relief inures to the benefit of the Union, an award therefor may be made from Union funds. Bakery and Confectionery Workers International Union v. Ratner, 118 U.S. App.D.C. 269, 335 F.2d 691.

■ The award in this case is in the amount of $9,764.14 against the defendant C. H. Green and in the amount of $9,702.29 against the defendant H. L. Thacker. Based upon the criteria for determining attorney's fees[1] the Court finds that the firm of Thomas, Taliaferro, Forman, Burr & Murray, counsel for the plaintiffs, is entitled to a fee of $15,000.00 for reasonable and necessary services rendered in respect to the entire litigation here involved, including benefits accruing to the Union apart from those rendered solely in respect to the monetary recovery.

Plaintiffs' attorneys incurred reasonable and necessary expenses on behalf of the plaintiffs in the course of this litigation in the amount of $729.47.

■ Plaintiffs through their attorneys employed the firm of Dent & Corr, certified public accountants, to assist their counsel in examining the records of the Union preliminary to the filing of this action and in developing the ac-

counting data for the prosecution of the claims asserted in the action. The services of the accountants and their assistants were reasonably necessary in view of the complicated and involved facts and circumstances confronting the plaintiffs and their counsel. Their charge of $1,216.00 is reasonable.

■ The Special Master has filed a claim for services of himself and assistants and for expenses incurred by him in the total amount of $3,001.13. His expenses in the amount of $140.88, and the value of the services rendered by him and his assistants in the amount of $2,860.25, are reasonable and were necessary to his proper handling and determination of the issues submitted to him.

Rule 53(a) provides in part that:

"The compensation to be allowed to a master shall be fixed by the court, and shall be charged upon such of the parties or paid out of any fund or subject matter of the action, which is in the custody and control of the court as the court may direct."

■■ In the Federal Court masters' fees are determinable by the Court and taxed by the clerk as costs. United States v. Bethlehem Steel Corp. (E.D. Pa.) 26 F.Supp. 259. It is only right and essential that officers of the Court receive the compensation due them, Valenstein v. Bayonne Bolt Corp. (E.D.N.Y.) 6 F.R.D. 363, and, accordingly, the allowance may be imposed as a charge upon both parties, although the ultimate liability is that of the defendants, as in this case, and where payment is made by the plaintiffs they have a right to be reimbursed therefor by the defendants, *Valenstein, supra,* as a part of their re-

---

[1]. In King v. Keith, 257 Ala. 463, 60 So. 2d 47, the court said:
"In estimating the value of legal services, following are among the elements material for consideration: (1) the nature and value of the subject matter of the employment; (2) the learning, skill and labor requisite to the proper discharge of that employment; (3) time consumed; (4) the professional ability, experience and reputation of the attorney; (5) the weight of his responsibility; (6) the measure of success achieved; (7) the reasonable expenses incurred."
See also, Dent v. Foy, 214 Ala. 243, 107 So. 210; Vol. 118, Alabama Code of Ethics 50; and Rogers v. Hill, D.C., 34 F.Supp. 358, 363.

coverable costs. General Motors Corp. v. Circulators & Devices Mfg. Corp. (S.D.N.Y.) 67 F.Supp. 745. See also, Gold Seal Importers, Inc. v. Morris White Fashions, Inc. (S.D.N.Y.) 4 F.R.D. 386.

Plaintiffs are entitled to a judgment against the defendant Green in the amount of $9,980.39, which includes additional interest of $216.25 since May 10, 1965, to October 10, 1965, together with costs, including $1,505.54 of the Special Master's fee. They are entitled to a judgment against the defendant Thacker for $9,914.49, which includes additional interest of $212.20 since May 10, 1965, to the same date, together with costs, including $1,495.59 of the Special Master's fee.

Although this action is by the plaintiffs as members of Local No. 92 pursuant to Section 501(b), it is for the benefit of the Local. Consequently, the legal services rendered by counsel for the plaintiffs have inured to the benefit of the Local and its members. The litigation here involved was of a complex nature and required a high degree of skill and extensive effort over a long period of time. The filing and prosecution of the litigation has had a salutary effect on the conduct of the affairs of the Local, and in the Court's opinion has obviated the present necessity for an injunction as part of the relief sought by the plaintiffs, except as to the enforcement of the judgment rendered herein. The same findings and observations are equally applicable to the expenses incurred by plaintiffs' counsel, and with respect to the services and expenses rendered by Dent & Corr.

The Special Master's fee will be taxed as costs against the defendants in the respective amounts above stated, and the fee as a whole, the attorney's fees and expenses, and the fees for services and the expenses of Dent & Corr, will be imposed as a charge against Local No. 92, and if any part of such fees and expenses is not collected from the defendants out of the proceeds of the judgment and costs within sixty days from the date of this order, Local No. 92 shall pay the same and shall have a right to be reimbursed therefor when and as collected.

After sixty days from the date of this order, the Local and its officers will be enjoined from paying out any more of its funds to defendant Thacker while any part of the judgment against him remains unsatisfied. This accords with the teaching in Highway Truck Drivers & Helpers Local 107 v. Cohen, (E.D.Pa.) 220 F.Supp. 735, affirmed 3rd Cir., 334 F.2d 378.