450 A.2d 655

**HALLSTROM DEVELOPMENT COMPANY, Appellant,**

**v.**

**Asbury W. LEE, IV; Carolyn B. Lee: H. R. Obleman; Gloria W. Obleman; Dr. Roger Hughes and Pauline L. Hughes.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1981.

Filed July 9, 1982.

Reargument Denied Oct. 7, 1982.

Petition for Allowance of Appeal
Granted Nov. 30, 1982.

Anthony S. Guido, Dubois, for appellant.

Carl A. Belin, Jr., Clearfield, for appellees.

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

MONTEMURO, Judge:

Appellees, Asbury W. Lee, IV, ("Lee"), H. R. Obleman ("Obleman") and Roger L. Hughes ("Hughes") filed suit in equity against the Clearfield Area Housing Corporation and Clearfield County Housing Authority ("Housing Authorities") seeking to enjoin construction of a federally financed low income housing project. In said action in equity, the appellees contended that construction of the housing project constituted a nuisance and would diminish the value of their respective residences. Although the three residence properties were owned by the entireties, the wives of the appellees, Carolyn B. Lee, Gloria W. Obleman and Pauline L. Hughes, were not named as parties in the equity action. At the close of the appellees' testimony, the lower court on motion of the "Housing Authorities" entered a nonsuit as to the appellee "Hughes" who did not appear for trial and who never pursued his cause of action. The case proceeded as to the two remaining plaintiff-appellees, "Lee" and "Obleman," and at the conclusion of the trial, the court entered an order enjoining the development of the project. The "Housing Authorities" appealed that order to the Commonwealth Court. In reversing the order of the lower court, the Commonwealth Court [1] entered the following order:

> The Order of the court below is reversed and the complaint and amended complaint are dismissed. Costs on appellees, H. R. Obleman and Asbury W. Lee, IV.

In footnote 3 of its opinion, the Commonwealth Court noted that the court below had granted the "Housing Authority's" motion for a compulsory nonsuit against appellee "Hughes" at close of the appellees' case and that he did not participate further in the litigation.

After entry of the decision by the Commonwealth Court, the "Housing Authority" filed with the Prothonotary's Office a bill of costs in the amount of $9004.50 to which no exceptions were entered by appellees, "Lee" and "Obleman". Those costs were never reduced to judgment. Thereafter,

---

1. *Clearfield Area Housing Corporation v. Hughes, et al.,* 13 Pa.Commonwealth 96, 318 A.2d 754 (1974).

the "Housing Authority" assigned their rights to the costs to appellant, Hallstrom Development Company, who paid them.

The appellant thereafter instituted this action in assumpsit against all three appellees, "Lee," "Obleman," and "Hughes" as well as their three wives. The appellees filed preliminary objections in the nature of a demurrer to the complaint on the following grounds:

1. Costs taxed against a party in an equity action by an appellate court cannot be collected against the parties' wives, who were not partner to the suit, in a subsequent action in assumpsit.

2. The appellate court having specifically excluded a nonsuited party, the appellee "Hughes," from assessment of costs, those costs cannot thereafter be collected from the nonsuited party in an assumpsit action.

3. Costs cannot be assigned as they are creatures of statute and no statutory authority exists for assignment of costs before they are reduced to judgment and consequently, appellant had no standing to file the assumpsit action.

The lower court entered an order sustaining the preliminary objections and dismissing appellant's complaint in assumpsit. Hence this appeal.

As to appellees "Lee" and "Obleman" and their wives, we reverse; as to the appellees, "Hughes" and his wife, we agree with the lower court's decision and affirm.

The court below disposed of this matter on the authority of *Blue Ridge Metal Manufacturing Co. v. Proctor, et al.*, 335 Pa. 354, 6 A.2d 811 (1939). This case was decided in 1939, and leans heavily upon the fact that statutory authority is necessary for the imposition of costs, and that the Rules of Equity at that time did not permit an order for costs to be rendered against a party not of record. However, Rule 1501, "Conformity to Assumpsit" became effective on July 1, 1952, and in the "Note" following that rule, the Order of the Supreme Court extending Rules 2001 to 2025, "Actions by Real Parties in Interest," to actions at equity as well as at law is specifically mentioned. *Blue Ridge, supra,* therefore,

cannot serve as authority for the result in the instant matter, and we will examine the statutes concerning real parties in interest and other relevant case law for disposition of the instant issues.

At common law costs were not recoverable by either party to the action, *Tunison v. Commonwealth,* 347 Pa. 76, 31 A.2d 521 (1943). The right to recover costs in litigation was purely statutory, *Contest of Elections of Morganroth,* 346 Pa. 327, 29 A.2d 502 (1943). Costs in civil cases as a general rule follow the result of the action or proceeding, and are given in favor of the prevailing party and against the unsuccessful party. *DeFulvio v. Holst,* 239 Pa.Super. 66, 362 A.2d 1098 (1976).

Every litigant assumes an obligation to pay costs which may be awarded against him. *Clair v. Philadelphia Storage Battery Co.,* 29 F.Supp. 299 (1939). However, the wives of appellees contend that as non-litigants in the equity matter, they have assumed no "obligation" to make them liable in the assumpsit action. We find, however, that as owners by the entireties of the properties used as a basis for suit, they fall into the category of persons "beneficially interested" by the suit their husbands brought, and that their presence upon the record of the instant action is sufficient to entitle the plaintiff to an answer and a trial on the merits to determine the actual liability for costs.

Former statute, P.L. 355 § 2, April 23, 1829, found at 12 P.S. § 144 and repealed effective June 27, 1978, provided that an equitable plaintiff or person for whose use or benefit or at whose insistance an action is prosecuted, whether named on the record or not, was liable to execution on a judgment for costs against the legal plaintiff, provided that where such equitable plaintiff was not named on the record, his name must be *suggested on the record before execution issues.*

The statute is disposed of at 42 Pa.C.S.A. 1722(a)(1), which provides that statutes "shall be suspended to the extent that they are inconsistent with the rules prescribed under this

paragraph," and provides further that the governing authority may prescribe and modify such rules only in ways that "are consistent with the Constitution of Pennsylvania and neither abridge, enlarge nor modify the substantive rights of any litigant."

The substantive rights of litigants would obviously be modified and abridged if the person "for whose use or benefit or at whose insistence a case was brought" was no longer liable to execution on a judgment for costs. The substantive right embodied in the act of April 23, 1829, and extant in case law both before that date [*Canby v. Ridgway,* 1 Binn. 496 (1808), *Steel v. Phoenix Insurance Co.,* 3 Binn. 312 (1811)], and since [*Neal v. Buffalo R. & P. Ry. Co.,* 103 Pa.Super. 218, 158 A. 305 (1931)] is thus retained under 42 Pa.C.S.A. 1722(a)(i). However, this very generalized statute does not speak to the problem of the "use-plaintiff" or the "real party in interest." As mentioned, *supra,* Rules 2001 to 2025 cover that area and are applicable in both law and equity.[2]

The Rules of Civil Procedure require that, subject to certain exceptions, all actions be prosecuted by and in the name of the real party in interest. Pa.R.C.P. 2002. Prior to the adoption of the Rules, Pennsylvania had adhered to the common law "use" action, mentioned in the statute found at 12 P.S. 144 discussed *supra.* Upon adoption of the Rules, this "use" action was for the most part abandoned in favor of the "real party in interest," *Anderson's Civil Practice,* Comment to § 2021, p. 22. Rule 2002 still preserves mention of the earlier form, however, as may be seen below:

**Rule 2002. Prosecution of Actions by Real Parties in Interest. Exceptions.**

Text of Rule

(a) Except as otherwise provided in clauses (b), and (c) and (d) of this rule, all actions shall be prosecuted by and

**2.** We note that another portion of the Act of April 23, 1829 is "repealed absolutely", 42 Pa.R.C.P. 2025, in contrast to the treatment of § 2, discussed *supra,* under § 1722(a)(1).

in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

(b) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or

(2) is a person with whom or in whose name a contract has been made for the benefit of another.

(c) Clause (a) of this rule shall not apply to actions where a statute or ordinance provides otherwise.

(d) Clause (a) of this rule shall not be mandatory where a subrogee is a real party in interest.   Adopted Feb. 14, 1939.   Amended Oct. 29, 1941.

■   The equity action, which ended in assignment of costs only upon the appellees "Lee" and "Obleman" who pursued that action through appeal, was initiated in the names of the husband property-owners only and their wives were not named as parties.   The standing of the husband-appellees to bring that equity action rested upon their ownership of entireties property.   The dictates of Rule 2002 are *mandatory,* 4 Anderson's Civil Practice § 2002.1, p. 21.

The ownership interest in entireties properties is so conjoined in both spouses, and the legal protections afforded married couples owning by entireties is so great, that where the property itself affords the basis for its owners to initiate suit we see no justification for one spouse to commence an action in his name alone, unless he does so under Rule 2002(b)(1) and openly acknowledges the beneficial interest of the other spouse and his own capacity as fiduciary or representative.

Assuming, however, that a spouse *has* ignored the mandatory Rule of 2002, and that the defendants *have not* enforced the spousal joinder with preliminary objections under

Rule 1017(b)(5),[3] the situation we face here, we find that the wording of 12 P.S. § 144, *supra,* is *apropos.* Whether the equitable plaintiff is named as a party or not, when an action is prosecuted for his benefit, he is liable to execution on a judgment for costs, if his name is suggested on the record before execution issues.

It is inconceivable that the equity action tried in the court below could have proceeded through trial and appeal without reflection on the record in that case of the existence of the spouses who were owners by the entireties with the plaintiff property owners. More to the point, the record in the instant assumpsit action quite clearly reflects their names and their ownerships by the entireties of the property that would have benefited by the prevention of the construction of low-income housing had their spouses succeeded in enjoining the builder. There is no chance that execution could issue before the parties' involvement in the case was clear on the record.

To permit owners by the entireties to bring an action based on the ownership of the entireties property and for the benefit of the entireties owners, to permit them to ignore the mandates of Rule 2002, and then to permit them to insulate themselves from their obligation to pay costs awarded through use of the legal protections afforded the same entireties property, would be for this court to abrogate the right established for a hundred and fifty years and more, which allows a defendant awarded costs the right to recover from the equitable plaintiff as well as the named plaintiff. We will not do so. Instead we hold that both husband and wife are proper parties under the instant circumstances.

**3.** Pa.R.C.P. 1017(b)(5) provides that preliminary objections may raise the defenses of "lack of capacity to sue, pendency of a prior action, nonjoinder of a necessary party or misjoinder of a cause of action."

Assignee of defendants in the equity action, now the appellant, did raise preliminary objections, which were dismissed, *Clearfield Area Housing Corporation v. Hughes, et al., supra,* at footnote 1, at 104, 318 A.2d at 755, and that court "declined to comment" upon the contention that the original plaintiffs had standing to sue "beyond stating, that at best it demonstrates an amendable deficiency in the plaintiff's pleading, not a matter of substance." *Id.* at 758.

However, as to the appellees, Roger and Pauline L. Hughes, we sustain the preliminary objections. Because of its disposition of the issues, the court below never needed to discuss their objection that they had not pursued the action at trial level, did not participate in the appeal, and were not named in the order of the Commonwealth Court assigning costs against the other two plaintiffs. We must address that objection here, however.

■■■■ The original action was in Equity, and allowance of costs in equity lies largely within the discretion of the court. *Stotsenburg v. Frost,* 465 Pa. 187, 348 A.2d 418 (1975). Of course, the court's discretion must be exercised reasonably. *Appeal of Biddle,* 8 A. 640, 5 Saddler 288, 6 Cent. 903, 19 W.N.C. 219 (1887). Ordinarily, the costs follow the decree entered, *U.S. v. Bethelehem Steel,* 26 F.Supp. 259 (1929), but the rule is to render a party chargeable with the costs of useless litigation for which he is responsible. *Kauffman's Appeal,* 112 Pa. 645, 4 A. 20 (1886). Equity even has the power to impose costs upon the winning party if such would be just. *McCloskey v. Kirk,* 243 Pa. 319, 90 A. 73 (1914).

■■■■ Under the circumstances of the original equity case, where appellee "Hughes" did not pursue the action at the trial level, nor at the appellate level, the Commonwealth court was justified in assessing cost only to appellees "Lee" and "Obleman" who were in fact the parties responsible for the vast majority of the costs incurred. Therefore the preliminary objection of Roger Hughes and Pauline L. Hughes on the grounds that they abandoned prosecution of the action and were not assessed the costs is sustained.

The final objection of the parties, also not disposed of in the opinion below, goes to the right of appellant as assignee of "Housing Authorities" to pursue the assumpsit action for costs against the parties to whom costs were assessed.

The comments following Rule 2002, 4 Anderson's Civil Practice, p. 22, make it plain that:

> The real party in interest rule was originally inspired by the desire to avoid the uselessness of requiring an assignee

to pretend to be suing in the name of the assignor to his use . . .

Further, Anderson's, *supra* at p. 27 adds unequivocally: The assignee of a claim is a real party in interest. . . . The rule that the assignee is the real party in interest is applied without regard to the nature of the claim or right that is assigned . . . See *id.* and cases cited therein.

■ Appellant is therefore a proper party in this matter as a real party in interest and may not be denied its right to pursue this action.

Wherefore the Order of the lower court sustaining the preliminary objections of the appellees "Lee" and "Obelman" and their wives is reversed. The order of the lower court sustaining the preliminary objections of the appellees "Hughes" and his wife is affirmed. The case is remanded to lower court for proceedings consistent with this opinion. We do not retain jurisdiction.