## Haskins *versus* Low.

1. In Pennsylvania, costs are taxable on every proceeding by *scire facias*, as if it were an original suit.

2. A person was summoned as terre tenant, in a proceeding by *scire facias* to revive a judgment, whose land was not in fact bound by the judgment, but who appeared and pleaded, and verdict was rendered for plaintiff; the former was held to be liable personally for costs.

ERROR to the Common Pleas of *Bradford county*.

This was a *sci. fa.* issued to May Term, 1845, on a judgment obtained by Abel Haskins, against N. Clapp, to revive the judgment, upon which the sheriff made return of service on the defendant, and also upon Forbes Low, as terre tenant. On September 2, 1845, an affidavit was made by Guy Tozer, who deposed that he was interested in the cause, he having sold the land to Forbes Low, and that the judgment of Haskins *v.* Clapp is not and never was a lien upon any land then in possession of Forbes Low; and that Haskins lives in the state of New York. A rule was granted on plaintiff to give security for costs. Forbes Low, the terre tenant, appeared and made an affidavit of defence, and pleaded that he was not terre tenant of any lands bound by the original judgment against N. Clapp, and entered a rule to refer the cause to arbitrators. The cause was tried before the arbitrators by the terre tenant, without an appearance on the part of the plaintiff, and an award rendered in favor of the defendant, Forbes Low, from which the plaintiff appealed, and paid the defendant's bill of costs. The cause was tried in court at September Term, 1847, and a verdict rendered in favor of the plaintiff, for the sum of $199.04, upon which judgment was entered. November 11, 1847, on request of plaintiff's attorney, judgment against Clapp, the original defendant, for want of appearance.

Upon this judgment a *fieri facias* was issued, and the land bound by the original judgment was levied upon.

[Haskins *v.* Low.]

A *venditioni exponas* issued, and the land was sold at sheriff's sale, and bid off by the plaintiffs for the sum of $220, which left more than $70 of the costs unpaid.

On motion of the plaintiff, at February Term, 1849, the court granted a rule on the defendant, Forbes Low, to show cause why leave should not be granted to the plaintiff to issue an execution against him for the balance of the costs unpaid.

The plaintiff alleging that the terre tenant, having pleaded to the action, and made the costs which have accrued, was personally liable to pay them, which the defendant denied, alleging that it was a proceeding *in rem*, which was the only question argued and submitted to the court,

The court thought the terre tenant not liable, and discharged the rule.

And in this, the plaintiff alleged, that the court erred, and that the plaintiff should be allowed to issue his execution in person against Forbes Low, the defendant.

*Patrick* for plaintiff in error.—The statute of Gloucester gave no costs in an action of *scire facias*, and no costs were recoverable till the Act of 8 and 9 of Will. 3, c. 11.

This statute gave costs in certain cases not embraced by former acts. And by the third section it provided that upon all suits upon any writ or writs of *scire facias*, the plaintiff obtaining judgment or award of execution, after plea pleaded or demurrer joined therein, shall likewise recover his costs of suit. And if the plaintiff shall become non-suit, or suffer a discontinuance, or a verdict shall pass against him, the defendant shall recover his costs, &c.

This Act is in force in Pennsylvania, and the only one, I believe, regulating costs on *scire facias*. *Roberts' Digest* 140; 11 *Watts* 90, Maus *v.* Maus.

This Act has been uniformly construed by the English decisions, to carry costs in all cases where a defendant on record, whether original defendant, heir, or terre tenant, comes in and interposes a defence. 3 *Bos. & Pul.* 14; 2 *Dunlap's P.* 709, 310, 390; 11 *East's Rep.* 387.

The principle upon which costs are given to a party prosecuting his suit, is the remuneration for the expenses in carrying on his suit, and as a punishment to the defendant. And in this action of *scire facias* he is taxed with costs as a penalty for putting in a defence to the action.

If he subjects the plaintiff to no expenses by an appearance and plea, he is not bound to pay any costs; and there is no reason when he comes into court and contests the plaintiff's right to recover, and in fact makes the costs, why he should not pay them. He is defendant on the record; and by the statute, if he puts in a plea to the action, and is defeated on that plea, the plaintiff shall

[Haskins *v.* Low.]

have his costs. And in this case, if the terre tenant is not bound to pay, how can the plaintiff get his costs? The original defendant is not bound to pay them. He did not make the costs, put in no plea, but suffered judgment by default.

*Baird,* for defendant.

The opinion of the Court was delivered July 28, 1851, by

GIBSON, C. J.—The provision for costs in the third section of the statute 8 & 9 W. 3, c. 11, is not confined to writs of *scire facias* on judgments for penalties to secure the payment of instalments, or the performance of collateral covenants. The section expressly embraces " *all* suits upon *any* writ or writs of *scire facias,*" and also actions of waste, actions of debt for not setting out tithes, and suits upon prohibitions. In all these, costs are given, as in other cases under the preceding statutes. Brooke *v.* Booth, 11 *East* 387, was a *scire facias* to recover an instalment, and I am unable, at present, to lay my hand on any other English decison on the point: but we have no other statute on the subject in Pennsylvania, and if the remedial provision was intended for particular cases, our practice has been entirely wrong. We tax costs on every *scire facias* as if it were an original suit. And the practice has been sanctioned by decision. In Wood *v.* Ludwig, 5 *Ser.* & *R.* 447, it was held that costs might be recovered on a *scire facias* against a garnishee in foreign attachment; and in Maus *v.* Maus, 10 *Watts* 90, costs were not allowed to terre tenants on the rule of construction applicable not only to the statute under consideration, but all preceding statutes giving costs, only because all had not been acquitted. Had all maintained their plea, they would have recovered their costs on this very statute. An apparent difficulty in this case is, that the plea found against the defendant was a nullity, and that the plaintiffs might have prevented the cost of a trial by a demurrer. It is true our law of execution allows a terre-tenant no plea which does not confess the tenancy. If his land was never bound by the judgment, he has nothing to do with the question of execution between the judgment creditor and his debtor; if it was actually bound, he can discharge it only by pleading and proving that the judgment has been satisfied, or that the lien of it has expired. No one can be a terre tenant but he whose land was bound; and consequently no one else can plead as a terre tenant. Here, however, both parties were in fault——the defendant in pleading, and the plaintiff in taking issue; consequently, as neither has an equity, the statute must take its course. The proper judgment, if reduced to form, would be, *de terris* as to the debt, and against the person as to the costs. The plaintiff, therefore, was entitled to execution of the defendant's goods without any order of the court whatever.