Yefko, Appellant, *v.* Ochs.

234

Argued January 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*George B. Ritchie,* with him *Jerome L. Cohen,* for appellant.

*Charles L. Casper,* with him *William J. Fahey,* for appellee.

OPINION BY MR. JUSTICE POMEROY, March 20, 1970:

On January 10, 1967 plaintiff-appellant Irene Yefko filed a praecipe for a writ of summons in trespass for injuries allegedly sustained on February 11, 1965 while she was a passenger in an automobile owned and operated by defendant-appellee Don Ochs. This writ was issued but never served on defendant-appellee. On May 18, 1967 plaintiff-appellant filed a complaint in trespass to the same term and number as the summons; on or about May 24, 1967 that complaint was served upon the Secretary of the Commonwealth and upon the defendant-appellee, then an out-of-state resident, by registered mail, return receipt requested.

Thereafter, defendant-appellee filed timely preliminary objections in the nature of a petition raising a question of jurisdiction because of improper service; a motion to strike off the complaint; a demurrer raising the bar of the statute of limitations; and a motion for a more specific pleading. After argument on the preliminary objections, the court determined that the filing of a praecipe for a writ and the filing of a complaint were alternative procedures for the commencement of an action; that the plaintiff having chosen the former procedure, the court's jurisdiction did not attach to the defendant in that action since the writ was never served; and that the complaint, as filed, did not initiate a new action and was a nullity, the court's jurisdiction not having previously attached. Accordingly, the court, by order dated May 7, 1968, sustained the preliminary objections raising a question of jurisdiction and the motion to strike off the complaint "with leave to the plaintiff to carry through with the procedure [i.e., commencement of the action by the issuance and service of a writ of summons] he originally elected to follow"; it dismissed defendant's preliminary objection in the nature of a demurrer and the motion for a more specific complaint.

On January 28, 1969, more than eight months after the court had thus disposed of the preliminary objections, plaintiff-appellant filed a praecipe for the reissuance of her original writ of summons and another praecipe for the reinstatement of her previously stricken complaint. Thereafter the sheriff served the writ and the complaint on the defendant-appellee by registered mail. Defendant-appellee again raised the bar of the statute of limitations by timely preliminary objections. The court below concluded that the original issuance of the writ had tolled the statute of limitations for a period of two years, thus preserving plaintiff's cause of action until January 10, 1969; that the filing

of the original complaint did not serve to extend this time period; and that the plaintiff's attempt to reissue the writ on January 28, 1969 was barred by the statute.[1] Accordingly, it sustained defendant's preliminary objections in the nature of a demurrer and dismissed plaintiff's action. This appeal followed.

It is well settled that a writ of summons may be reissued only for a period of time which, when measured from the date of the original issuance of the writ (or the date of a subsequent valid reissuance thereof) is not longer than the period of time required by the applicable statute of limitations for the bringing of the action. *Peterson v. Philadelphia Suburban Transportation Co.*, 435 Pa. 232, 255 A. 2d 577 (1969); *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A. 2d 317 (1961). In the present case, the plaintiff's writ could have been reissued at any time prior to January 10, 1969, but unless the two year period is inapplicable or was extended for some reason, the reissuance of the writ on January 28, 1969 was of no effect.

Appellant contends that the ordinary two year limitation on the reissuance of a writ is inapplicable when a complaint has been filed and served on the defendant during the period in question. The theory is that service of the complaint in this same action constituted a valid service of process, thus giving the court juris-

---

[1] The court below stated that the defense of the statute of limitations could be raised by preliminary objections where no proper complaint had been served or filed, despite Pennsylvania Rule of Civil Procedure 1030 which provides that such an affirmative defense shall be raised as new matter in a responsive answer. Plaintiff failed to challenge the procedure adopted by the defendant in the court below as she might have by filing preliminary objections under Rule 1017(b)(2) and the issue has not been raised on this appeal. Appellant has thus waived any objection she might have had, and we do not pass upon the validity of the procedure employed. See *Rufo v. The Bastian-Blessing Co.*, 417 Pa. 107, 207 A. 2d 823 (1965) and Pennsylvania Rule of Civil Procedure 1032.

diction over the defendant and eliminating the need for a timely reissuance of the writ. Appellant cites no authority for this proposition. The argument fails to take into account the terms of Pennsylvania Rule of Civil Procedure 1007, which provides that an action may be commenced either by filing a praecipe for a writ of summons or by filing a complaint (which under Rule 1009 would constitute process as well as pleading). Where an action is started by summons, the complaint is only the required pleading with none of the characteristics of process; service of the complaint in such a case cannot confer jurisdiction. "The complaint, to be process, must be sole process. The phraseology of Rule 1007 compels this conclusion." Goodrich-Amram, §1007-6. See *Williams v. Pantalone,* 47 Westmore. L.J. 265 (C.P. Westmoreland Co. 1965) and *Di Orio v. Renn,* 39 Northum. Leg. J. 20 (C.P. Northumberland Co. 1966). Thus in the case at hand the service of appellant's complaint did not erase the need for timely service of the appellant's original writ or the alternative requirement that the writ be reissued within two years to prevent its lapse.

Having elected to initiate her action by filing a praecipe for a writ of summons, and having thereafter failed either to secure timely service of the writ or to reissue the writ within the required two year period, appellant was barred by the statute of limitations from proceeding with her cause of action.

Order affirmed.