Schor et al., Appellants, *v.* Becker.

Argued January 15, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Saul L. Friedman,* with him *James L. Rosenbaum,* for appellants.

*Manfred Farber,* for amicus curiae.

OPINION BY MR. JUSTICE JONES, March 25, 1970:

This appeal involves the validity of a trespass action instituted for the recovery of damages for personal injuries.[1] Appellants state the issue as follows: whether they are precluded from maintaining an action against the estate of a deceased defendant when the action was "commenced" prior to defendant's death, defendant died prior to service of process being made, and the appellants were not aware of defendant's death until advised thereof more than one year after the statute of limitations had run.

Morris Schor was the operator of a motor vehicle, owned by Harry Stein and wherein Mary Fuller was a passenger, which was involved in an accident with a motor vehicle owned and operated by one Clarence Becker *on March 7, 1966.* On February 21, 1968—fifteen days prior to the expiration of the two-year period of the statute of limitations—counsel for Schor, Fuller and Stein (appellants) filed a praecipe for a writ of summons against Becker in the Court of Common Pleas of Philadelphia County. The writ of summons was issued but never served on Becker.[2] Up to the time of oral argument of this appeal, appellants did not reissue the writ and Becker died, unserved with the writ of summons, on March 25, 1968. At the time of his death, Becker was not a *party* to any action instituted by appellants. On February 24, 1969, appellants filed

---

[1] In the complaint filed by appellants, there are three counts, the third count being that of Harry Stein for damages to his motor vehicle.

[2] The docket entries included in the instant record reveal no basis for the statement in appellants' brief that "service was attempted upon [Becker], and the Sheriff's return of service indicated that he had moved from the address listed for him." The writ should have been served within thirty days after issuance. See: Pa. R. Civ. P. 1009 (a); *Peterson v. Philadelphia Sub. Transp. Co.,* 435 Pa. 232, 239, 255 A. 2d 577, 581 (1969).

a complaint in trespass[3] to the same term and number against Becker. That complaint was never, nor could it have been, served upon Becker. On April 21, 1969, appellants then sought to proceed under *Pa. R. Civ. P.* 2077(a)(1) and 2079 (a)(1) and (2) by serving, by registered mail, the Secretary of the Commonwealth and Becker at his last known address.[4]

There is nothing on this record to show the appointment of a personal representative for Becker's estate. However, Edward R. O'Brien, a nephew of Becker, the presently-styled "amicus curiae," appeared in the court below and filed a pleading termed "Preliminary Objections to Complaint Against and Service on Deceased Defendant," on the basis of which the court below entered its order sustaining such objections. O'Brien, although not a party of record, filed the preliminary objections above referred to in the court below, which objections led to the order from which the instant appeal was taken and, in fact, was the "moving party" in the court below. O'Brien appeared, through counsel, in our Court, as amicus curiae and, at oral argument, it was made evident that his intervention into the litigation was inspired by Becker's insurance carrier.

It is clear, beyond any question, that O'Brien lacked any *standing* whatsoever to challenge the validity of the instituted action. It follows that his pleading upon which the order below was entered could not and should not have been considered. Only a party having

---

[3] This complaint was simply a "pleading" and not a "process" under Pa. R. Civ. P. 1007(2). See: *Yefko v. Ochs*, 437 Pa. 233, 263 A. 2d 416 (1970).

[4] It is obvious that such attempt at substituted service on the deceased Becker was without validity because he was neither a "non-resident [nor] a resident who becomes a non-resident or who conceals his whereabouts" within the provision of Rule 2077(a)(1), and such attempt at service was patently defective. We treat the complaint as filed as simply surplusage under the circumstances.

412

*standing* could file this pleading and O'Brien clearly did not have such standing.

The order of the court below is vacated. O'Brien to pay costs.[5]

---

[5] While ordinarily "no judgment or order for costs can be rendered against a party not a party of record in the absence of a statutory provision so authorizing." (*Blue Ridge Metal Mfg. Co. v. Proctor*, 335 Pa. 354, 356, 6 A. 2d 811, 812 (1939) yet, where a person not a party of record has been the "moving party," although he lacks standing, in the court below, he renders himself liable for the costs which he has caused to be incurred. *See: Haskins v. Low*, 17 Pa. 64 (1851). Our imposition of costs in the case at bar in no manner serves as a precedent for the imposition of costs on *amici curiae* generally.