## Bausinger v. Heichel

*Martin M. Fine,* for plaintiffs.

*John P. Campana,* for defendants.

GREEVY, P. J., June 17, 1971.—On March 1, 1968, Ruth L. Heichel, now deceased, while driving a car owned by William R. Heichel, her husband, allegedly struck and injured John Bausinger, Jr., a minor. On January 10, 1969, a summons in trespass was issued by John A. Bausinger, individually and as natural parent and guardian of John Bausinger, Jr., a minor, plaintiffs, against William R. Heichel and Ruth L. Heichel, his wife, defendants. Ruth L. Heichel died January 19, 1969. On February 3, 1969, the summons in trespass was served on William R. Heichel. Sheriff's return shows "Ruth L. Heichel, no service made, deceased." Two years later, on February 22, 1971, a complaint was filed against both William R. Heichel and Ruth L. Heichel, his wife, defendants. On February 25, 1971, William R. Heichel filed preliminary objections on behalf of himself and Ruth L. Heichel, deceased, questioning the validity of the trespass action

against Ruth L. Heichel. On March 2, 1971, William R. Heichel filed an answer denying agency.

## DISCUSSION

The matter is now before us on the preliminary objections under Pennsylvania Rules of Civil Procedure 1017(b) and 1041, questioning the validity of the trespass action against Ruth L. Heichel, first, due to lack of jurisdiction and, second, being barred by the statute of limitations.

Although the parties have not raised the issue of standing, we hold that William R. Heichel, being a party to this action and one who could be prejudiced and harmed if judgment were entered against his deceased wife, has standing to challenge the validity of the action as to his deceased wife.

The Supreme Court of Pennsylvania in the cases of Schor v. Becker 437 Pa. 409 (1970); Ehrhardt v. Costello 437 Pa. 556 (1970); Yefko v. Ochs 437 Pa. 233 (1970), considered questions similar to those before us, wherein they held that if a named defendant dies before he is served, he never was a party to the action; nor can he become a party post mortem to the action; nor can he have a personal representative substituted for him in the action so instituted; and, further, where an action is commenced by writ alone, which is not served, plaintiff cannot later file and serve a complaint or process to acquire jurisdiction over defendant and to toll the statute of limitations. A complaint can be used as a process only if it alone is a document to commence the action.

After the sheriff's return on February 3, 1969, of "mortuus est.," nothing transpired until February 22, 1971, almost three years after the accident and almost two years after the issuance of the writ of summons, when plaintiffs, without reissuing the writ of sum-

mons or "substitution of successor" for Ruth L. Heichel, caused a complaint in trespass to be filed against the same named parties and under the same number.

We hold that at the time of her death, Ruth L. Heichel was not "a party" to this action instituted by plaintiffs and she cannot become a party "post mortem" to any action.

The death of Ruth L. Heichel would not have deprived plaintiffs of their right to an action against a personal representative of Ruth L. Heichel Estate, provided it was instituted within the period of the statute of limitations. This was not done in this case and the preliminary objections must be sustained.

We make the following

### ORDER

And now, June 17, 1971, the preliminary objections are sustained and the complaint be and hereby is dismissed against Ruth L. Heichel, deceased, defendant.