## Dibofsky v. Young

*Joseph Alessandroni, Jr.,* for appellee.
*G. Wayne Renneisen,* for appellants.

HIRSH, J., October 20, 1971.—This matter is before the court on defendants' preliminary objections under Pennsylvania Rule of Civil Procedure 1017 praying that plaintiffs' complaint and cause of action against both defendants be dismissed with prejudice for lack of jurisdiction. Defendants' argument is based on docket entries which disclose that plaintiffs instituted this suit by a summons in trespass which was issued on April 14, 1969, and returned "not found." Plaintiffs then failed to reissue the summons within the appropriate two-year period of time and instead filed a complaint within that period of time which was then served on defendants. Defendants aver that because the summons was never served on them, this court is without jurisdiction and the complaint which was subsequently filed and served has no effect and should be stricken from the record in this case, thus placing plaintiffs in a position where they cannot prosecute their cause of action because of the expiration of the two-year period of the Statute of Limitations.

Defendants cited Yefko v. Ochs, 437 Pa. 233 (1970), as controlling authority for this proposition. Yefko,

supra, differs from the instant case in that plaintiff in Yefko attempted to reissue the writ more than two years after the date of its original issuance and the court there held that a writ of summons may be reissued only for a period of time which when measured from the date of the original issuance of the writ, or the date of a subsequent reissue thereof, is not longer than the period of time required by the applicable statute of limitations for the bringing of the action. In this matter, plaintiffs did not attempt to reissue the writ outside the applicable two-year period but, instead, within that period, filed a complaint which was subsequently served. The complaint itself carries every notice afforded by the writ of summons and leaves available to defendants every responsive alternative provided by the Pennsylvania Rules of Civil Procedure, and we fail to see how defendants are prejudiced by the sequence of the events which have taken place in this matter. We realize that a harsh application of the Rules of Civil Procedure could result in dismissal of plaintiffs' complaint and with due consideration of this, we believe that it is time for a reexamination of the philosophy which led to the conclusion reached in Yefko, supra, with particular attention being paid to the fact that no prejudice can be shown by defendants under the facts of this case. We likewise fail to see how the ends of justice would be served by possibly substituting an action of malpractice against plaintiffs' counsel, who undoubtedly acted in good faith, although perhaps technically in error, for this trespass action.

Accordingly, it is therefore ordered that defendants' preliminary objections are overruled with leave to file an answer within 20 days.