**Roman v. Allegheny General Hospital**

*Donnell D. Reed,* for plaintiff.

*Charles Kirshner* and *John R. Walters, Jr.,* for defendants.

DOYLE, J., December 8, 1971.—This case is brought by the minor decedent's administratrix under the wrongful death act and under the survival act against defendant hospital and defendant physicians, alleging negligence and malpractice. Decedent was admitted to defendant Allegheny General Hospital (hospital) in Pittsburgh, Pa., on February 25, 1968, and was treated by defendant, Dr. Richard S. Evans (Evans), and defendant Dr. Robert Botkin (Botkin) for a fractured arm and other minor injuries arising out of an automobile collision. Decedent died in the hospital the next day.

The action was commenced by praecipe for writ of summons in trespass filed on February 24, 1969. The original writ was never served on Evans and Botkin, but was reissued on February 1, 1971, and, as reissued, was served on Evans and Botkin on February 8, 1971. The complaint was served on May 4, 1971. Defendant physicians preliminarily object to the complaint, demurring to the first count (the wrongful death action) and moving to strike the complaint for plaintiff's alleged failure to prosecute with due diligence.

The Wrongful Death Act of April 26, 1855, P. L. 309, sec. 2, 12 PS§1603, as amended, provides:

". . . the action shall be brought within one year after death, *and not thereafter.*" (Italics supplied.)

In Yefko v. Ochs, 437 Pa. 233 (1970), the court stated:

"It is well settled that a writ of summons may be reissued only for a period of time which, when meas-

ured from the date of the original issuance of the writ (or the date of a subsequent valid reissuance thereof) is not longer than the period of time required by the applicable statute of limitations for the bringing of the action." (Citing cases) (p. 236)

The statute of limitations applicable to wrongful death actions is one year and plaintiff's writ was not reissued until almost two years had elapsed from the date of original issue. Plaintiff contends that since both the wrongful death action and the survival action were filed at the same time and at the same number, both actions should be subject to the same statute of limitations, particularly the two-year period permitted under the survival action. This argument is without merit. Pennsylvania Rule of Civil Procedure 213 provides:

"(e) A cause of action for the wrongful death of a decedent and a cause of action for his injuries which survives his death may be enforced in one action, but if independent actions are commenced they shall be consolidated for trial.

". . .

"(3) If an action is commenced to enforce one cause of action, the court, on its own motion or the motion of any party, may stay the action until an action is commenced to enforce the other cause of action and is consolidated therewith or *until the commencement of such second action is barred by the applicable statute of limitation*." (Italics supplied.)

1 Goodrich-Amram, Procedural Rules Service (1967) §213(e)-2, (f.n. 4) states:

"4 The *difference* between the wrongful death action and the survival action *extends to the different statute of limitations applicable to them.* The provision for mandatory joinder under Rule 213(e) *does not repeal the statute of limitations* nor permit an

action to be joined if the statute has already run with respect to it. A motion to amend a wrongful death action, after the latter has been barred by the two-year statute, will be denied. Piacquadio v. Beaver Valley Service Co., 355 Pa. 183, 49 A(2d) 406 (1946)." (p. 73) (Italics supplied.)

Having elected to commence her action by filing a praecipe for a writ of summons, and thereafter having failed either to secure timely service of the writ or to reissue the writ within the required one-year period, plaintiff's cause of action (in our view; the remedy only, as per decision, *infra*) is subject to the defense of the statute of limitations. However, defendant physicians' demurrer to the first count of plaintiff's complaint cannot be sustained because it is improper to raïse the defense of the statute of limitations in wrongful death actions by demurrer. Pennsylvania Rules of Civil Procedure 1017, Pleadings Allowed, provides:

"(b) Preliminary objections are available to any party and are limited to . . .

"(4) a demurrer *which may include the bar of a nonwaivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint or counterclaim. . . .*"

Pennsylvania Rule of Civil Procedure 1030, New Matter, provides:

"All affirmative defenses, including but not limited to the defenses of accord and satisfaction . . . and, unless previously raised by demurrer and sustained, the defenses of statute of frauds and *statute of limitations*, shall be pleaded in a responsive pleading under the heading 'New Matter.' " (Italics supplied.)

In Goldstein v. Stadler, 417 Pa. 589 (1965), the court stated the rule which ultimately controls this first issue:

"In Echon v. P.R.R., 365 Pa. 529 (1950), 76 A.2d 175, this Court pointed out that in *personal actions [this action was brought under the Wrongful Death Act] the statute of limitations constitutes only a procedural bar to the remedy and not to the cause of action itself.* In other types of action, such as workmen's compensation and mechanic's lien, the statute of limitations may be a bar to the cause of action and not merely to the remedy. In the latter types of action, where the defect appears on the face of the pleadings, a preliminary objection in the nature of a demurrer may be proper but *in the types of action where the bar of the statute of limitations goes to the remedy* not the cause of action, *the affirmative defense of the statute must be raised in* New Matter *since the procedural bar may be waived* by agreement, by conduct or by circumstances constituting estoppel and the pleading of the statute under New Matter will afford the opposite party the opportunity to plead, if it can, a waiver of the statute." (Italics supplied.) (p. 591)

1 Goodrich-Amram, Procedural Rules Service, (1972 Supp.), states:

". . . the defendant may mistakenly try to raise the [waivable] defense [of statute of limitations] by demurrer and the court may reject the move as procedurally wrong. Defendant must, of course, retain the right to correct his procedural error by raising the defense in the answer": (pp. 305-6)

Since the Supreme Court has held that the defense of the statute of limitations in a wrongful death action in waivable, that defense cannot be raised by demurrer but may be raised in an answer under new matter. Being bound by Supreme Court interpretation, we must overrule the demurrer to plaintiff's first count. An appropriate order will be entered.

Defendant physicians also moved to strike the com-

plaint, maintaining that plaintiff was dilatory and failed to prosecute the case in accordance with law and rule of court. Defendant physicians contend that they have been materially prejudiced since service of the writ or complaint was not attempted until almost three years had elapsed since plaintiff's decedent died. In the survival action, the writ was reissued and served within the period of time (measured from the date of the original issuance of the writ) which was not longer than the applicable statute of limitations for bringing the action, viz: two years. See Yefko, supra. Salay v. Braun, 427 Pa. 480 (1967), holds that:

"The Rule in Pennsylvania has always permitted a plaintiff . . . . to commence an action and keep it alive until he suddenly serves the defendant . . . But this, of course, has always been protected from abuse by the doctrine of non-pros for unreasonable delay in prosecution." (p. 484.)

Potter Title and Trust Company v. Frank, 298 Pa. 137 (1929), holds that the question of granting a non pros. on account of plaintiff's laches is addressed to the discretion of the trial judge. More recently, in James Brothers Lumber Company v. Union Banking and Trust Company of Dubois, 432 Pa. 129 (1968), involving an equity matter, the court held that the grant of a judgment of non pros. did not constitute an abuse of discretion where plaintiff delayed ten and one-half years in bringing the matter to trial and stated:

"A Court may properly enter judgment of a non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses." (p. 132.)

Here, the action was commenced two years, less two days, after the minor died (February 26, 1968) and the writ was reissued within two additional years thereafter (February 1, 1971) and was served seven days later. Defendants have not shown any material prejudice caused by plaintiff's delay in notifying them of this claim; therefore, the motion to strike plaintiff's complaint must be refused.

## ORDER

And now, December 8, 1971, defendants', Richard S. Evans and Robert Botkin, preliminary objection (demurrer) to the first count of plaintiff's complaint is hereby overruled without prejudice to the right of said defendants to plead the statute of limitations under new matter in any answer which may be filed, and it is further ordered that the same defendants' preliminary objection (motion to strike) to plaintiff's complaint is dismissed. Defendants, Richard S. Evans and Robert Botkin, are hereby granted 30 days to file their answers to the complaint.