## Moreno v. Raymond

*Michael J. Pepe, Jr.*, for plaintiff.
*Leon Silverman*, for defendant.

TAKIFF, J., September 25, 1974.—This matter comes before the court on plaintiff's petition for reconsideration and rehearing under authority of Pennsylvania Rule of Civil Procedure 1032. He wishes to have reconsidered an earlier decision, made in August 1973, in which we sustained defendant's preliminary objections to his complaint. After careful review of the curious nature of the proceedings and facts of this matter, we conclude that the petition must be denied.

The accident which is alleged to be the basis of this suit occurred on June 9, 1967. On June 9, 1969, the last permissible filing date under the statute of limitations for personal injury actions, plaintiff filed a writ of summons which was thereupon issued by the prothonotary. The writ was never served on defendant. On July 1, 1970, plaintiff filed a complaint in trespass to the same court, term and number as the summons. The complaint was reinstated on October 2, 1970, and service was made upon the Secretary of the Commonwealth on October 15, 1970. The complaint was sent to defendant but apparently, because an incorrect name and address were used, the document was returned to the sheriff "Addressee Unknown." On July 24, 1973, defendant filed preliminary objections to the complaint, alleging the court could not obtain jurisdiciton since proper service was not made and the statute of limitations period had been exceeded. We sustained defendant's position, largely by virtue of our reading of Pa. R. C. P. 1007 and Yefko v. Ochs, 437 Pa. 233, 263 A. 2d 416 (1970).

Plaintiff filed appeal with the Superior Court on September 2, 1973, but discontinued the appeal on February 14, 1974. On February 15, 1974, we filed a supplemental opinion, stating that, were it within our power, we would vacate the earlier order because defendant had admitted service was made on the Secretary of the Commonwealth within 20 days after the complaint was reinstated. Hence, we reasoned, defendant had actual notice of the pendency and nature of this action two years and nine months prior to the time it filed its preliminary objections and well within the two-year period during which the statute of limitations was tolled by the writ of summons previously issued.

Our decision in the supplemental opinion rested on Dibofsky v. Young, 56 D. & C. 2d 343 (1971), affirmed

per curiam 221 Pa. Superior Ct. 802 (1972). There, as here, plaintiff's only action during the applicable two-year period was to file and serve a complaint. The court felt that this procedure conveyed adequate notice and prevented defendant from being prejudiced. We agreed, writing in particular that the form of the process should not subvert the substance of the notice afforded. Shortly after the release of our supplemental opinion, however, the Pennsylvania Supreme Court reversed the Dibofsky holding, 452 Pa. 609 (1973), and brought it within the ambit of Yefko, supra. These decisions, now encompassing a situation identical in all important respects to ours, stood for the proposition that where process is initiated by writ of summons, only the writ may be served, or, in the alternative, the writ must be reissued within the two-year period to toll the statute of limitations. Since neither was done in the instant case, the statutory period ran and this court has no jurisdiction over the case.

Our inquiry here was made difficult by the fact that the final chapter on litigation of such issues had yet to be written. In 1974, after all material events in the present case had occurred, the Pennsylvania Supreme Court approved a change of Pa. R. C. P. 1009 and 1010(e), effective June 1974, to permit the procedure plaintiff here employed. Although the new rule is, in our view, more equitable than the rule of Yefko, supra, and Dibofsky, supra, it is, with respect to the present case, a twelfth and not an eleventh-hour change. During all material times the rule of Yefko, supra, was the rule of our highest court and its only challenger was overruled by that court. Defendant is certainly entitled to mold his conduct according to the pronouncements of that court, and we are loath here, in a case which involves events which occurred over seven years ago, to disturb the principle that the law should be predictable.

Our decision, of course, disposes of plaintiff's claim that defendant's preliminary objections were not timely filed as required by Pa. R. C. P. 1020. This contention is only meritorious if the service on October 15, 1970 was proper. We have held that it was not.

Finally, plaintiff argues that defendant's raising of the statute of limitations bar in his preliminary objections is an improper pleading under Pa. R. C. P. 1030. This rule appears to mandate that such an assertion be plead only by way of answer and new matter. We think that the language of Pa. R. C. P. 1017(b)(1)(4), on the contrary, permits raising the statute of limitations bar in preliminary objections provided it clearly, as in this case, goes to an assertion of no jurisdiction. Also the Supreme Court was faced with an identical pleading in Dibofsky, supra, and it upheld defendant's position: pages 609-10.

Therefore, to wit, September 25, 1974, it is ordered that plaintiff's petition for rehearing and reconsideration is denied.