## Upper Chichester Township v. Republic Insurance Company

*Nelson J. Sack*, for plaintiff.
*John W. Nilon, Jr.*, for defendants.

CATANIA, *J.*, November 25, 1974 — Preliminary objections have been filed in both of the above cases by defendants, the Hidden Valley Corporation and Frank J. Smith, Jr. and Doris S. Smith. The preliminary objections are as follows: (1) petition raising question of service; (2) motion to strike complaint; (3) motion for a more specific pleading; and (4) demurrer.

Both causes of action were initiated on June 10, 1971, through the issuance of a writ of summons. At no time were the writs of summons served on defendants and the writs were never reinstated. On April 15, 1974, a complaint in assumpsit in each case was filed and service of the complaints was achieved.

Defendants allege that this court lacks jurisdiction of the cases because the writs of summons were not served within 30 days after issuance, and that service could not be made by the subsequent complaints because the filing of the writ of summons was chosen as the initial process to start these actions. Plaintiff has cited new Pa. R.C.P. 1010(e) as support for its action. Rule 1010(e) states:

"(e) If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either

the reissued writ or the reinstated complaint as alternative original process."

This new rule would certainly appear to support plaintiff's position but for the fact that Pa. R.C.P. 1010(e) was added and effective on June 28, 1974, whereas the complaints in question were filed on April 15, 1974, and served prior to the effective date of Pa. R.C.P. 1010(e). The solution to this problem, therefore, lies in the state of the law prior to Pa. R.C.P. 1010(e). As the explanatory comment to the new rule reveals, in Yefko v. Ochs, 437 Pa. 233 (1970), and Dibofsky v. Young, 452 Pa. 609 (1973), the Supreme Court affirmed the principle of the 1947 pleading rules that a complaint could be used as process to obtain jurisdiction over defendant only if it were the initial process in the action. Since plaintiff, in these actions, elected to use a writ of summons as the initial process, he could not change in midstream and switch over to a complaint as process. The complaints filed on April 15, 1974, must be considered as pleadings and not process and, therefore, service of the complaints did not bring these cases within the jurisdiction of this court with respect to defendants in question.

Having thus disposed of the jurisdictional issue, it is not necessary to discuss the other preliminary objections.

Accordingly, we enter the following

## ORDER

And now, November 25, 1974, it is ordered and decreed that defendants' preliminary objection raising the question of service be and the same is hereby sustained and the complaints as to defendants, the Hidden Valley Corporation, Frank J. Smith, Jr. and Doris S. Smith, are dismissed for lack of jurisdiction.