Fike et al., Appellants, *v.* Ball.

Submitted November 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Henry R. Beeson* and *Joseph R. Rygiel,* for appellants.

*Richard D. Klaber, Thomas J. Godlewski,* and *Dickie, McCamey & Chilcote,* for appellee.

OPINION BY VAN DER VOORT, J., April 22, 1975:

Appeal comes to us from an Order dismissing appellants' complaint. Based upon an automobile accident which occurred on April 7, 1968, appellants filed a praecipe for writ of summons in trespass on March 30, 1970. This summons was not delivered to the Sheriff for service. On March 30, 1972, appellants, using the previously acquired number and term, filed and served a complaint in trespass. Subsequently, appellee answered the complaint and added new matter wherein he averred that appellants' cause of action was subject to a bar of the applicable two-year statute of limitations. Argument was heard by the Westmoreland County Court of Common Pleas, *en banc,* and an order dismissing appellants' cause of action was entered on April 6, 1973. It is from this order that appellants appeal.

Appellants present two questions of procedure:

(1) Whether "answer and new matter" is a proper pleading wherein to raise the bar of statute of limitations; and

(2) Whether a complaint is properly served within the period of limitation on actions when a cause of action is commenced with a writ of summons, which writ was not served.

A clear and dispositive answer to argument "1" above is provided by Pennsylvania Rule of Civil Procedure 1030: "All affirmative defenses, including but not limited to . . . statute of limitations, shall be pleaded in a responsive pleading under the heading 'New Matter'." Appellee's raising a defense of the bar of the statute of limitations was thus properly brought in his responsive pleading captioned "answer and new matter."

In answer to appellants' second argument we turn to a case recently before us, *Reid v. Southeastern Pennsylvania Transportation Authority*, 231 Pa. Superior Ct. 185, 331 A.2d 692 (1974). This case reiterates prior law that the statute of limitations is tolled by the filing with the prothonotary of a writ of summons.[1] See *Anderson v. Bernhard Realty Sales Company, Inc.*, 230 Pa. Superior Ct. 21, 329 A.2d 852 (1974). Absent further action, the statute of limitations will thus be tolled for a period equivalent to that of the statute itself. *Ehrhardt v. Costello*, 437 Pa. 556, 264 A.2d 620 (1970). Applying this law to the instant facts, appellants tolled the statute of limitations on March 30, 1970, and for two years thence. But having opted to commence suit with a writ of summons, such party must pursue that course and eventually serve the writ, assuming proper reissuances have been obtained, lest he suffer judgment of non pros. or be barred by the statute of limitations. *Yefko v. Ochs*, 437 Pa. 233, 237, 263 A.2d 416, 418 (1970), is controlling: "[w]here an action is started by summons, the complaint is only the required pleading with none of the characteristics of

---

1. We note that Judge SPAETH's interpretation of the present state of the law, as he stated it in his concurring opinion, viz., that after September 23, 1974, "filing with both the prothonotary and the sheriff is necessary to toll the statute of limitations," is inapplicable here, the writ having been filed prior to this date.

308

process; service of the complaint in such a case cannot confer jurisdiction." Appellants, having tolled the statute for its equivalent period, two years,[2] had until March 30, 1972 to serve appellee in order to obtain jurisdiction over him. As the *Yefko, supra,* case holds, service of process must be of the writ of summons, this being the original document by which the cause of action was commenced.[3] Filing and serving only the complaint in trespass on March 30, 1972, did not fulfill the requirements of law incumbent upon appellants. On this date, therefore, the statute of limitations became applicable as a bar to appellants' action, their writ of summons in trespass having died. And as pointed out above, appellee properly raised this bar in "new matter."

Order affirmed.

PRICE, J., concurs in the result.

---

2.  The writ was never reissued.

3.  Rule 1010, Pa. R.C.P., amended effective June 28, 1974, appears to change the law as pronounced in *Yefko* by authorizing the use of a complaint, which is issued after the commencement of an action by summons, as original process.