## Kolencik v. Page

*Charles C. Gentile,* for plaintiffs.

*Egler & Reinstadtler,* for defendant American Oil Company.

*Ray, Buck, Margolis, Mahoney & John,* for defendant Page.

ADAMS, *J.*, August 22, 1977—This case is before the court en banc on motion of defendant, American Oil Company (Amoco) asking that judgment on the pleadings be entered against plaintiffs, Francis Anthony Kolencik, a minor by Rudolph L. Kolencik, his guardian, and Rudolph L.

Kolencik in his own right. The individual defendant, Glenn Page, is not involved and did not participate in the current proceedings.

The issue is the effect of the June 28, 1974, amendment to Pa. R.C.P. 1010 which permitted use of a complaint as alternative process when a cause of action had originally been begun by the filing of a praecipe for writ of summons. This amendment altered prior law which required use of the writ initially filed to be the exclusive form of process, with the complaint subsequently filed a pleading only: Yefko v. Ochs, 437 Pa. 233, 263 A.2d 416 (1970); Fike v. Ball, 234 Pa. Superior Ct. 305, 338 A.2d 619 (1975). To determine the applicability of the amended version of Rule 1010, it will be necessary to pinpoint the time of all relevant occurrences in the prosecution of this action.

Minor plaintiff was injured on October 4, 1969. Exactly two years later, October 4, 1971, a writ of summons was issued, naming as defendants both Page and Amoco. On August 15, 1973, this writ was reissued at the same time as the complaint in trespass was filed. The writ was again reissued and the complaint reinstated on December 4, 1973; both were served on Page two days later, but not on Amoco at that time. The amendment to Rule 1010 became effective on June 28, 1974. On October 24, 1975, and, again, on November 26, 1975, the complaint was reinstated, but at neither time was the writ reissued. At this time, the complaint was served on Bruce Smiley as agent of Amoco; however, this was determined to be ineffective service in an opinion of this court filed August 4, 1976. The complaint was reinstated and the writ reissued on August 25, 1976, with service gotten September 7, 1976, by delivery of both the

complaint and the writ to 1910 Cochran Road, Pittsburgh, Pa. Amoco then filed its motion for judgment in the pleadings, raising a question of the statute of limitations.

From the dates above, it can be seen that at the time of the last service on Amoco, the writ was no longer viable process because the time between its last two reissuances (December 4, 1973, and August 25, 1976) was longer than two years: Zarlinsky v. Landerslager, 402 Pa. 290, 167 A.2d 317 (1961). Therefore, only if Rule 1010(e) is available to plaintiffs have the plaintiffs tolled the statute of limitations by the reinstatement of the complaint on October 24, 1975, afte the effective date of the rule.

The applicability of an amendment to a Rule of Civil Procedure is governed by Rule 152, the pertinent part of which directs that ". . . the new provisions shall be construed as effective only from the date when the amendment became effective." Thus, Rule 1010(e) is applicable only after the date of its effectiveness, that being June 28, 1974. The court is of the opinion that there was activity in this case after June 28, 1974, which allows application of Rule 1010(e) to validate the procedure employed by plaintiffs.

At the time of the effectiveness of the amendment, the writ of summons remained vital as process under Zarlinsky, since it had been reissued on December 4, 1973, less than two years earlier. On that same date in 1973, the complaint had been reinstated, so that it, too, was vital on the effective date of Rule 1010(e). The complaint was reinstated on October 24, 1975, November 26, 1975, and August 25, 1976. Subsequent to the amendment to Rule 1010(e) the reinstatement of a complaint has the same effect in tolling the statute

of limitations as the reissuance of a writ. Thus, if Rule 1010(e) applies to actions filed before the amendment, plaintiffs have tolled the statute of limitations by the variance reinstatements of the complaint so that this defense is not available to Amoco.

The applicability of amended Rule 1010 is determined by an examination of plaintiffs' procedural activities after June 28, 1974. These include three reinstatements of the complaint and, ultimately, service of the complaint upon Amoco. The general rule in Pennsylvania is that "[w]hile substantive rights are settled as of the time the cause arises, rights in procedural matters, such as jurisdiction and service of process, are determined by the law in force at the time of the institution of the action." Kilian v. Allegheny County Distributors, 409 Pa. 344, 350-351, 185 A.2d 517 (1962). See, also, Schladensky vs. Ellis, 442 Pa. 471, 275 A.2d 663 (1971). The operative phrase in this rule is "institution of the action." This court is of the opinion that the Supreme Court did not intend by this language to freeze the procedure in effect at the time of the institution of the action, but rather, that the validity of a particular procedural act by a party is governed by the Rules of Civil Procedure in effect at the time the procedural act is taken, without regard as to when the action was instituted. On the date plaintiffs reinstated the complaint, Rule 1010(e) had been in effect for over two years, and the court believes the amended provisions must be applied to actions taken by plaintiffs at that time.

For the above stated reasons, at the time of the service of the complaint on Amoco on September 7, 1976, the statute of limitations had not run.

Therefore, Amoco's motion for judgment on the pleadings must be denied.

ORDER

And now, August 22, 1977, the motion of defendant, American Oil Company, for judgment on the pleadings is denied.