## Rivkind v. Eugene A. Rubin Construction Company, Inc.

*Richard M. Meltzer,* for plaintiff.

*Steven Sosnov, Wendy Blank* and *Marvin Allanoff,* for defendants.

AVRIGIAN, *J.,* January 30, 1981—Plaintiffs instituted this action against defendant Eugene A. Rubin Construction Co., Inc. on January 18, 1979. The action was begun by issuance of a writ of summons in conformity with Pa.R.C.P. 1007(1) and service was effected on February 14, 1979. On April 22, 1980 plaintiff filed a complaint in assumpsit and trespass against the aforesaid corporate defendant and added another defendant, Eugene A. Rubin, individually. Mr. Rubin's appeal is based upon his belief that the addition by plaintiff of another defendant to the case after the service of a writ on the original defendant is not sanctioned by a rule of court and fails to confer any jurisdiction over him. In support of this proposition the defendant has cited only one source of authority, videlicet, part of a commentary to Pa.R.C.P. 1010. The excerpt furnished to the court states that:

"The Court expressed to the Committee its wish to . . . give the option to a plaintiff who commences

an action by writ of summons to serve as process either (a) the writ or (b) a complaint which he hereafter files prior to service of the writ on all defendants.

"This change would mean that there would be three different aspects to a complaint as process— (1) a complaint which is used as 'initial process' to commence the action under Rule 1007; (2) a complaint which is used as 'alternative process' where the action is commenced by writ of summons; and (3) a complaint which is not process at all, but is only a pleading, because service has been otherwise effected."

After reading the full text of the comment, it is the court's conclusion that defendant's counsel has misconstrued the purpose of Pa.R.C.P. 1010(e). Pa.R.C.P. 1010(e) was promulgated to cure problems arising where a plaintiff filed a praecipe for writ of summons, allowed the writ to expire for want of service, and then sought to reinstitute the action anew by serving a complaint. Under the rule of Yefko v. Ochs, 437 Pa. 233, 263 A. 2d 416 (1970), the filing of a praecipe for writ of summons and service of a complaint were regarded as alternative procedures for instituting an action in assumpsit. They could not be combined to obtain in personam jurisdiction. The new rule allows a plaintiff, whose writ of summons has expired, to serve a complaint as original process without first having the writ re-issued. "In other words service of the complaint takes the place for all purposes of service of the original writ. . . ." 1 Goodrich-Amram 2d § 1010(e):1.

The case at bar does not concern reissuance, reinstatement or substitution of an original pleading. Rather, Mr. Rubin is objecting to his addition as a party-defendant to this action after the writ of

summons was issued. With respect to the individual defendant, Eugene Rubin, this is a new lawsuit involving original process. And as with all new lawsuits instituted in this Commonwealth, the plaintiff may utilize any method of original process authorized by Pa.R.C.P. 1007. This position appears to have support from the editors of Goodrich-Amram 2d who express the view that where an action is commenced by summons the plaintiff may add new parties by the complaint. "As to the parties originally named in the summons the complaint is a pleading only; but as to any new parties named as defendant, the complaint is both process and pleading." 1 Goodrich-Amram 2d § 1007:6. Upon reflection, this interpretation seems to create an efficacious means of allowing plaintiffs to add new parties defendant to their case. Furthermore we perceive no prejudice to the added defendant as the result of such a practice. Therefore we hold that jurisdiction may be obtained upon a defendant served by a complaint as original process even though jurisdiction over other defendants was effected by means of a writ of summons.

Finally Mr. Rubin has filed a second petition raising the question of jurisdiction which concerns the manner in which service was effected upon him. The sheriff's return shows that a copy of the complaint was left at 471 Pinetown Road in Fort Washington, Pa. with Caroline Rubin, defendant's wife, on July 7, 1980. Without broaching the issue of whether the services made on April 28 and June 2, 1980 were valid we find that the requirements of Pa.R.C.P. 1009 have been fulfilled and that the court has in personam jurisdiction over defendants.