576 A.2d 979

**Richard J. MURTHA and Dina A. Murtha, H/W, Administrators of the Estate Richard Murtha, Deceased and Richard J. Murtha and Dina A. Murtha, in Their Own Right, Appellants,**

**v.**

**CROZER–CHESTER MEDICAL CENTER and Hahnemamn University Hospital and J. Albright Jones M.D. and Edward McLaughlin, M.D. and Frank Briglia, M.D. and James Finke, M.D. and John Doe, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1990.

Filed May 17, 1990.

Reargument Denied July 18, 1990.

Rosalind T. Kaplan, Philadelphia, for appellants.

Andrew L. Braunfeld, Norristown, for appellees.

Before DEL SOLE, TAMILIA and HOFFMAN, JJ.

DEL SOLE, Judge:

An unusual and unfortunate fact situation prompts our consideration of the issue in this appeal. We are asked to review whether the trial court properly refused to permit the substitution or amendment of a complaint to include, in place of a deceased defendant, the executor of his estate

where the action was commenced against the defendant before his death, but service was not effected before his death. We conclude that the trial court erred in denying the plaintiffs' motions. We reverse its order and remand this matter for proceedings consistent with this opinion.

Plaintiffs' decedent, their minor child, died on September 25, 1986. Plaintiffs commenced an action against Dr. J. Albright Jones and various other defendants by filing a Complaint on September 23, 1988, two days prior to the expiration of the applicable statute of limitations. It is undisputed that Plaintiffs had the Complaint, accompanied by the appropriate fees for service of process upon each of the defendants, delivered to the Sheriff. As was required for service upon Dr. Jones, the Sheriff of Philadelphia County deputized the Sheriff of Delaware County to effectuate service upon Dr. Jones and other Delaware County Defendants. The other defendants were served on October 14, 1988. Although Dr. Jones was not served on that date, this same date is handwritten in the margin of the Sheriff's Return of Service for Dr. Jones. The significance of this handwritten date has never been determined. Dr. Jones died the next day, October 15, 1988. Plaintiff's Complaint was finally served by the sheriff to Dr. Jones' secretary on October 25, 1988, more than 30 days after it was filed.

Plaintiffs were advised of Dr. Jones' death and the appointment of his wife as executor of his estate. Voluntary consent to substitution was refused by Dr. Jones' executor, therefore, plaintiffs filed a Motion to Compel Substitution of the executor in place of Dr. Jones or, in the alternative, to Amend the Complaint to add the executor as a defendant. The trial court's denial of these motions is the subject of this appeal.

Two basic reasons were provided by the court to support its decision. The court determined that since Dr. Jones died before he received service of the Complaint he was never a party to the action, and, therefore substitution by his executor would not be possible. The court also found that plaintiffs' Complaint could not be amended to add the

executor because the two year statute of limitations for negligence actions had expired before the amendment was sought. Upon review, we conclude that both findings made by the trial court are erroneous.

■ We will initially consider whether Dr. Jones was a "party" to this action. This determination becomes critical under the provisions of Pa.R.C.P. 2352 which refers to substitution of a successor. It provides:

(a) The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based.

(b) If the successor does not voluntarily become a party, the prothonotary, upon praecipe of an adverse party setting forth the material facts shall enter a rule upon the successor to show cause why he should not be substituted as a party.

A definition of the term successor can be found in Pa.R. C.P. 2351 which provides:

"successor" means anyone who by operation of law, election or appointment has succeeded to the interest or office of a party to an action.

A reading of these provision clearly identifies the necessity of determining whether Dr. Jones was "a party" to the action instituted by plaintiffs so that a successor can be substituted. In support of the trial court's conclusion that Dr. Jones was not "a party" because he died before service was effectuated, Appellees point to decisions from both our supreme court and this court. *Ehrhardt v. Costello*, 437 Pa. 556, 264 A.2d 620 (1970) *Schor v. Becker*, 437 Pa. 409, 263 A.2d 324 (1970); *Valentin v. Cartegena* 375 Pa.Super. 493, 544 A.2d 1028 (1988) *citing Thompson v. Peck*, 320 Pa. 27, 181 A. 597 (1935). These cases, however, do not support the proposition for which they are cited, and offer very little insight into the present factual situation. It is true as Appellees claim that these cases stand for the proposition that a dead person cannot be a party to an action; but this

statement presupposes that this individual died before an action was commenced.

Unlike the instant case where Dr. Jones was alive when suit was instituted, in *Ehrhardt v. Costello, supra,* the potential defendant died nearly one and one-half years before a writ of summons was issued. Based upon this fact the court stated:

> At the time of Costello's death, the action against him had not been 'commenced' and, obviously, he had not been served with any process against him in any action and, therefore, Costello never became a 'party' to a pending action.
>
> .    .    .    .    . .    .    .
>
> During his lifetime, Costello was not a 'party' to any action instituted against him by Ehrhardt and could not *post-mortem,* be made a party. .

*Id.,* 437 Pa. at 560–561, 264 A.2d at 622–623.

The same distinction can be made in *Valentin v. Cartegena, supra,* where the plaintiff brought a wrongful death action against an individual who, unbeknownst to plaintiff, died before the suit was commenced. The court ruled that "[b]ecause Cyril Laffey had died before the lawsuit against him was commenced, the suit against him was a nullity." *Id.,* 375 Pa.Super. at 495, 544 A.2d at 1029. It went on to state: "Moreover, because a dead person cannot be a party to an action commenced after his death, substitution of a personal representative of the dead person's estate is improper." *Id.* In addition to citing *Ehrhardt v. Costello, supra,* the *Valentin* court also cites *Thompson v. Peck,* 320 Pa. 27, 181 A. 597 (1935) and *Longo v. Estep,* 289 Pa.Super. 19, 432 A.2d 1029 (1981). As in *Valentin* and *Ehrhardt,* the actions in *Thompson* and *Longo* were instituted against a person who died before the complaint was filed. These cases, unlike the one now before us, present a situation where the plaintiff's suit is a nullity because it was brought against a person who was already dead.

The case of *Schor v. Becker,* 437 Pa. 409, 263 A.2d 324 (1970), is also not controlling. In *Schor* the court ruled that the individual who challenged the validity of the instituted action lacked standing. Although not pertinent to its decision, the court stated that the person against who suit was brought and who died before being served "was not a *party* to any action instituted by appellants." While at first blush this statement may seem to determine the outcome of the instant case, it does not. First, the statement was clearly dicta. It was irrelevant to the court's decision whether the dead man's nephew could appear before the court to file preliminary objections when he was never appointed as a personal representative for the estate. Further the statement that the deceased was not a "party to any action instituted by appellants" where he was alive when a praecipe for writ of summons was filed, but where he died before being served, was made without the benefit of the Supreme Court's later decision in *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). Therein the court noted that under prior practice there were differences of opinion respecting the date when an action had officially "commenced." *Id.,* 469 Pa. at 473, 366 A.2d 882. In considering this issue for purposes of tolling the statute of limitations the court ruled prospectively that an action will be "commenced" when a writ of summons is filed and the plaintiff complies with local practice as to the delivery of the writ to the sheriff for service. The plaintiff must refrain "from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.,* 469 Pa. at 478, 366 A.2d 882.

We find that the action in this case was "commenced" when the plaintiff filed her complaint and complied with local practice to ensure that the complaint would be served on Dr. Jones, who was at that time still alive. This determination is relevant to a discussion of the trial court's conclusion that plaintiffs' Complaint could not be amended to add the name of Dr. Jones' personal representative. Although the cause of action accrued on September 25, 1986 when

plaintiffs' child died, the statute of limitations did not expire on September 25, 1988 because two days prior to that plaintiffs' filed a Complaint against Dr. Jones and delivered this Complaint with appropriate fees to the sheriff· for service. The statute of limitations did not run, because it was tolled during Dr. Jones' lifetime by plaintiffs' actions. Dr. Jones was a named party in a lawsuit during his lifetime. Although personal jurisdiction was not obtained over Dr. Jones since he died before being served, this factor is irrelevant to a discussion of whether the statute of limitations has been tolled. While the Complaint was not served on Dr. Jones prior to his death, plaintiffs could reinstate the Complaint for another two years after the Complaint was originally filed. *Id.* Thus, although personal jurisdiction was not obtained over Dr. Jones during his lifetime, he was at the time of his death a named party in a lawsuit filed by plaintiffs. This naming coupled with plaintiffs' actions taken in accordance with *Lamp v. Heyman* tolled the statute of limitations which had not yet expired and permits plaintiffs to seek substitution of the named party with his personal representative.

In *Marzella v. King,* 256 Pa.Super. 179, 389 A.2d 659 (1978) plaintiffs filed a writ of summons in trespass days before the applicable statute of limitations would have run. The praecipe named the the estate of George King as defendant, "clearly evidenc[ing] appellants' knowledge of Mr. King's death." *Id.,* 256 Pa.Superior Ct. at 389 A.2d at 660. The court found that when the summons and complaint were filed against the King estate those documents failed to designate a legal, competent entity as a defendant. The appellants made no effort to secure the appointment of an administrator prior to the running of the statute of limitations, therefore, the court refused to permit an amendment naming the administrator after the statute had passed. The *Marzella* decision turned on the fact that the Complaint was filed against an nonexisting entity. Much like the cases cited above, where an action is filed against a dead person, the action is void. The statute of limitations

continues to run in such a situation unless a plaintiff takes affirmative steps to secure the appointment of an administrator prior to the running of the statute of limitations.

The step necessary in *Marzella* and other cases where a potential party predeceases the filing of a complaint or issuance of a writ of summons is not necessary in the instant case because this action was brought against a party who was, at that time, alive. The statute of limitations did not continue to run, and this fact provides the plaintiffs with an opportunity to seek substitution or amendment.

The situation presented here is somewhat unique. Plaintiffs did all that was required of them under the law to bring this action against Dr. Jones. They filed a Complaint against him during his lifetime before expiration of the statute of limitations. Plaintiffs saw to it that this Complaint was delivered to the sheriff's office along with the appropriate fees for service. Plaintiffs also sought to have the sheriff deputize the sheriff of another county to effectuate this service. The fact that Dr. Jones died before this service was made should not defeat plaintiffs cause of action where plaintiffs promptly sought substitution or amendment of the complaint to include Dr. Jone's personal representative. We conclude that under the facts of this case, where a Complaint is filed against a party who is alive and where the plaintiff takes all necessary steps to ensure the sheriff will effectuate service but service is not made prior to the defendant's death, the statute of limitations has been tolled and substitution or amendment of the Complaint to add the defendant's personal representative should be permitted. Both the law and justice dictate this result.

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting.

The majority concludes appellee Jones was a party to the action despite his never having been served with process. I

disagree and therefore respectfully dissent from the Opinion of the majority. Initially, I believe the cases cited by appellee Jones more than support the proposition one cannot be a party to an action without having been served within one's lifetime. Appellants did not serve appellee J. Albright Jones with the complaint until October 25, 1988, two days after the expiration of the 30–day period during which an original complaint must be served and ten days after the death of appellee Jones.

Although the majority hastily dismisses *Schor v. Becker*, 437 Pa. 409, 263 A.2d 324 (1970) as not controlling, I find this case is, in fact, determinative of the outcome here. The Court in *Schor* held the individual who died before being served "was not a *party* to any action instituted by appellants." *Id.*, 437 Pa. at 410, 263 A.2d at 325. While the majority dispels this finding as mere dicta, I maintain it was a pertinent conclusion because it has direct bearing on the determination of the stated issue on appeal. *See id.*

Furthermore contrary to the majority's conclusion that *Schor* is distinguishable in light of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), I believe *Lamp* has no bearing on *Schor* and therefore *Schor* is controlling here. The *Lamp* case merely explains when a praecipe for writ of summons is deemed to commence an action for purposes of construing the tolling of the statute of limitations and not, as the majority erroneously asserts, when a case is deemed commenced for purposes of irrevocably including a party. The majority mistakenly suggests *Lamp* clarifies the differences of opinion, inherent in prior practice, with respect to the date when an action had officially commenced in both respects (*See* Majority Opinion p. 543–544). Even under *Lamp*, the Supreme Court held that if a praecipe is issued but not served within a reasonable time the action may be nolle prossed. *Id.*, 469 Pa. at 475, 366 A.2d at 888. The holding in *Lamp* does not insulate the action from summary judgment where the plaintiff has failed to make service on an individual before he dies or in violation of Pa.R.C.P. 401. The only differences of opinion *Lamp* settles are those over the dating of the praecipe itself where the plaintiff filed the

praecipe but instructed the prothonotary to issue it without delivering it to the sheriff for service. This decision was handed down to resolve the conflict arising out of the several counties and in prior decisions as between a "conditional" commencement of the action and a praecipe being one of three alternative methods enumerated by Pa.R.C.P. 1007. I submit there has been no difference of opinion as to the date an action could go forward, based on mandated personal service, where, as here, the complaint was filed or as in *Schor* where the plaintiff did not instruct the prothonotary to hold the writ without delivery.

Pennsylvania's Rules of Civil Procedure specifically set out the three criteria for commencement of an action for the purpose of tolling the statute of limitations, the occurrence of any one of which will commence the action:

An action may be commenced by filing with the prothonotary

(1) a praecipe for writ of summons,

(2) a complaint, or

(3) an agreement for an amicable action.

Pa.R.C.P. 1007. However, as *Schor* clearly states, a complaint is "simply a 'pleading' and not a 'process' under Pa.R.C.P. 1007(2)." *Id.,* 437 Pa. at 411, n. 3, 263 A.2d at 325, n. 3, citing *Yefko v. Ochs,* 437 Pa. 233, 263 A.2d 416 (1970). Working under the applicable rules of civil procedure with facts suggesting no need for clarification under *Lamp,* the *Schor* court held that even if an action were commenced, the individual against whom the action is brought is not a party to the action without being served with process in his lifetime. The decision in *Schor* mandates the conclusion in the instant case that Dr. Jones is not a party to appellants' action.

Additionally, appellants' action against Dr. Jones is further hampered by appellants' failure to effect original process within 30 days of filing the complaint. The Pennsylvania Rules of Civil Procedure provide, *inter alia* :

## RULE 401. TIME FOR SERVICE. REISSUANCE, REINSTATEMENT AND SUBSTITUTION OF ORIGINAL PROCESS. COPIES FOR SERVICE

(a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.

(b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.

(2) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.

(3) A substituted writ may be issued or a substituted complaint filed upon praecipe stating that the former writ or complaint has been lost or destroyed.

(4) A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule or by Rule 404 after reissuance, reinstatement or substitution....

Pa.R.C.P. 401. Appellants admit service was not made on Dr. Jones' secretary until October 25, 1988, which was 32 days after the complaint was filed (Appellants' brief, p. 6). The record also shows appellants' did not attempt to reinstate the complaint as provided in Rule 401(b)(1). As such, the complaint was a nullity and the service of process was untimely making appellants' attempts to bring suit against Dr. Jones futile.

For these reasons, I disagree with the majority's conclusion and instead would affirm the trial court's decision.